### GILBERT *v.* GILBERT.

March, 1864.

The decision in Siemon *v.* Schurck (29 *N. Y.* 589, affirming 33 *Barb.* 9), —that if lands are purchased for the benefit of a minor, with money given by parents, and the deed, taken in the name of a third person, is made absolute in form without the knowledge of the minor or parents, a valid trust results in favor of the minor, notwithstanding the abolition of resulting trusts by the Revised Statutes—reasserted, and followed in a case where the absolute character of the deed was known to the parent.

Cashton R. and Erseba Gilbert, by I. V. Matthews, their guardian *ad litem*, brought this action against William Gilbert, in the supreme court, for the specific performance of an agreement between defendant and William Gilbert, Sr., deceased, the father of the plaintiffs.

The father of the plaintiffs, in his lifetime, had contracted with one Winter, for the purchase of land from Winter, and the latter had given his bond to convey. Mr. Gilbert subsequently agreed by parol, with his son, the present defendant, to provide him (the son) with the purchase money, let him pay Winter, and take a conveyance in his own name; the son

agreeing to let the father have the use of the land for life, and at his death to convey it to the other children, the plaintiffs in this action. One object of this arrangement was to prevent the wife and mother from acquiring a right of dower. In pursuance of the agreement, defendant received and paid over the price, took a deed to himself, and gave his father a lease for life, at an annual rent of sixty dollars. He, however, permitted his father to occupy for life without payment of rent.

The referee found these facts, and concluded, as matter of law, that the agreement to convey to the children (the plaintiffs) though void at law, could be enforced, in equity, as an agreement partly performed.

*The supreme court* reversed the judgment entered on the referee's report, they holding that the trust was precisely such as was prohibited by the statute; that the important object of the statute was to prevent the real owners of land being deprived of title by perjury, and that the statute must be deemed to make a parol agreement, designed to establish a beneficial interest in land in opposition to the legal title, void, not only as towards the parties, but as to all the world. They conceded that had defendant owned the land, and agreed to convey a life estate to the father and remainder to the children, the agreement, after part performance, might have been enforced; but the father having first contracted for the purchase of the land, it was an attempt on his part to create a trust by parol. They accordingly ordered a new trial. Plaintiffs appealed.

*Charles Henshaw*, for plaintiffs, appellants.

*L. W. Thayer*, for defendant, respondent.

THIS COURT held, that, for the reasons stated in Siemon *v.* Schurck, above referred to, the order of the general term should be reversed.

INGRAHAM, J., dissented, and concurred with the supreme court,—citing Garfield *v.* Hatmaker, 15 *N. Y.* 475, and expressing the opinion that the statute vested the title in the alienee.

17

Order reversed and judgment on report of referee affirmed, with costs.