(11 Misc. Rep. 258.)

### McCAHILL et al. v. McCAHILL et al.

(Supreme Court, Special Term, Westchester County. February, 1895.)

1. TRUSTS—CONVEYANCE TO THIRD PERSONS.

   1 Rev. St. p. 728, §§ 51, 52, providing that where a grant is made to one person, and consideration therefor is paid by another, no trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the grantee, subject only to the rights of the creditors of the person paying the consideration, does not apply to a case where the person to whom the conveyance is made agrees with the person paying the consideration to hold the property for the benefit of another.

2. STATUTE OF FRAUDS—IMPLIED TRUSTS.

   Where the purchaser of land causes it to be conveyed to another under an agreement that the grantee will hold it in trust for a third person, the statute of frauds does not affect the right of such third person to establish a trust in the property for his benefit, as by its terms it is not to be construed "to prevent any trust from arising or being extinguished by implication or operation of law."

Action by Thomas J. McCahill and others against Annie L. McCahill and another to establish plaintiffs' rights to certain property. Judgment for plaintiffs.

W. P. Fiero and H. Dykman, for plaintiffs.
M. J. Keough, for defendants.

GAYNOR, J. The defendants are husband and wife, and the parents of the two plaintiffs, who are minors, and the only children of the defendants. The husband and father had a contract of purchase of the real estate in question in 1881. His health becoming bad, and his tenure of life endangered, he decided not to take the conveyance to himself, but to have the property conveyed directly to his wife, for the use of herself and the two children as a home during her life, and to go to the children upon her death. He communicated his intention to his wife, and she orally acquiesced in and accepted it. The children were then only six and four years old, respectively. The mother, in thus agreeing to take a conveyance of the property for them, must in law be deemed as representing and acting for them, and, as the transaction was to be beneficial to them, their acceptance of it, and of the trust relation she assumed, must, in view of their infancy, be conclusively presumed. Spencer v. Carr, 45 N. Y. 406. The property was thereafter conveyed directly to the wife by the owner, with whom the husband had the contract. The interest of the children was not expressed in the deed of conveyance, it being in form absolutely to the wife. Before the conveyance the husband spent $7,000, and after it $20,000, in improving the property. Thereafter the wife abandoned the husband and children, leaving them in possession of the property in question, which had been made upon its purchase the family home, and continued as such. This action was brought by the children to have their rights and interests and the rights and interests of the mother in the property declared, the immediate provocation for it being her attempt to sell and convey it as absolute owner.

I see no reason why the plaintiffs may not prevail. The statute rule (1 Rev. St. p. 728, §§ 51, 52) that where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but that the title shall vest in the person named as alienee, subject only to the rights of the creditors of the person so paying the money, has no application to the facts of this case. The purpose of this enactment was to abrogate the common-law rule, which was the reverse, and afforded a way for a debtor to practice fraud against his creditors by having real estate paid for by him conveyed directly by the seller to another, instead of to himself, to be held for him upon a secret trust. The enactment was leveled at such frauds, and intended to prevent them in future, and the courts have not extended it beyond such cases. Sieman v. Austin, 33 Barb. 9; Siemon v. Schurck, 29 N. Y. 598; Foote v. Bryant, 47 N. Y. 544; Gilbert v. Gilbert, 2 Abb. Dec. 256; Reitz v. Reitz, 80 N. Y. 538. Mr. Perry, in his work on Trusts, accurately states the result of the cases in this state as follows (section 142):

"The statute of New York has been strictly construed, and therefore if A. makes a purchase, and pays the money, and takes the title in the name of B., upon a parol trust for C., it is not within the statute; and C. may enforce the trust as against B."

The statute has been understood and interpreted from the beginning as applicable only to the person creating the inhibited trust in his own favor, and as not inhibiting the making of such a trust for another. Lalor, p. 161. Indeed, the statute itself plainly, and in so many words, inhibits such a trust "in favor of the person by whom such payment shall be made," only. To this extent, only, does it go. It prevents resulting trusts in the one case mentioned; namely, in favor of a person who pays for real property, but has the title conveyed to another. It does not affect other resulting trusts or implied trusts at all. The revisers, in their notes, leave no room to question this, for they say:

"As to implied trusts, they cannot be abolished, as their existence is necessary to the prevention of fraud. An important change is, however, proposed, in preventing a secret resulting trust from being created by the act of the party claiming its benefit."

Common-law rules must govern the case, except as modified by the statute. If the one who actually pays the money causes the property to be conveyed to another for the benefit of or upon a trust not for himself, but for a third person, the case specified in the statute does not arise at all. But, if we were to consider the payment as made by the children, they would not be bound by the absolute character of the conveyance, for it must be deemed as taken in that form without their consent or knowledge, they being infants; and the next section of the statute (section 53) modifies the provision against secret resulting trusts, which we have been considering, by providing that it shall not extend to cases "where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name without the consent or knowledge of the person paying the consideration." The consent and

knowledge of their father in that respect was not theirs. Gilbert v. Gilbert, supra.

The principles governing this case are plainly perceived when it is brought to mind that the mother had assumed a trust relation towards the children, and that the solution and disposition of this case lies in that relation, and not in the relation between the father and the children. Having assented to the taking of a conveyance of the property for the children, the relation to them which she thus took upon herself required that she should not take and continue to hold an absolute conveyance to herself; and that she has done so, either intentionally or by mistake, does not baffle equity, but makes for it a plain case.

Nor does the statute of frauds stand in the way of the plaintiffs. It seems to be sufficient that it is not pleaded. Crane v. Powell, 139 N. Y. 379, 34 N. E. 911. But that statute only covers cases of contracts; and, moreover, it is provided therein that it shall not be construed "to prevent any trust from arising or being extinguished by implication or operation of law." 2 Rev. St. p. 135, § 7. It does not cover the cases where equity has always implied a trust from the proved relation and acts of the parties, often accompanied by their oral declarations and agreements as material facts, in order to prevent frauds. The trust in such cases, though proved by oral testimony, does not rest upon oral agreements, but upon the relation of the parties and their acts. Perry, Trusts, §§ 134, 137; Foote v. Bryant, 47 N. Y. 550. This case cannot be distinguished in principle from the ordinary case of an agent purchasing land with funds of his principal, or of one standing in a fiduciary relation, using trust funds for the same purpose, and taking the title to himself (Perry, Trusts, § 127; Day v. Roth, 18 N. Y. 448; Haack v. Weicken, 118 N. Y. 74, 23 N. E. 133); while, for instance, it is distinguishable from the case of an agent purchasing land in his own name, and paying for it with his own money, though he had orally agreed to buy it for his principal, for the trust in such a case rests upon the agreement of agency, and it cannot be proved by reason of the statute of frauds, it not being in writing (Levy v. Brush, 45 N. Y. 589; Perry, Trusts, § 135). Such cases make clear the distinction between establishing a trust by a parol agreement and declaring a trust to exist by implication of law from the acts and relation of the parties, in order to prevent fraud. Here the father paid his own money, it is true, but he invested for the children, and it is the same, in the consideration of equity, as though he had first made a gift of it to them. Judgment for plaintiffs.