MOORE v. MOORE.

(Supreme Court, Appellate Division, First Department. June 23, 1899.)

1. RESULTING TRUSTS—PARTIES—HEIRS—DEVISEES.

    In an action to enforce a resulting trust in land, title to which is in the name of a decedent, the heirs or devisees of the deceased are necessary parties.

2. SAME—PLEADING—DEVISE.

    In an action to enforce a resulting trust in land, title to which is in the name of a decedent, an allegation admitted by the answer that a paper has been offered for probate by defendant, as and for said decedent's will, which purports to devise the land to defendant, is insufficient to show that decedent had made a will, or that defendant was his devisee.

Appeal from special term, New York county.

Action by Eliza L. Moore against Marie Louise Moore, individually and as temporary administratrix of the estate of Gideon E. Moore, deceased. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

James A. Dunn, for appellant.

Henry E. Howland, for respondent.

RUMSEY, J. The action was brought to enforce a resulting trust, claimed to have arisen in favor of the plaintiff in lands owned by Gideon E. Moore, deceased. It was alleged that the plaintiff, who is the mother of Gideon E. Moore, had sent to him at various times considerable sums of money for investment, and that he had used the money to purchase lands, and taken title to them in his own name, without the knowledge of his mother. The plaintiff claims that, because of these facts, a trust had resulted in her favor against the lands so held in the name of Moore. Day v. Roth, 18 N. Y. 448; Lounsbury v. Purdy, Id. 515; Gilbert v. Gilbert, 2 Abb. Dec. 256.

The first objection of the defendant is that this action could not be maintained against her as temporary administratrix. The cause of action exists primarily against the persons having title to the lands. The effect of a judgment is practically to devest them of title, or, at least, to charge the lands with a trust to the amount of money invested in them. Where such an action is brought against the heirs at law or devisee of the person because of whose default the resulting trust arises, it may be quite proper that his personal representatives should be joined in the suit. Whether that be so or not, it is not necessary to determine in this action, because the fact seems to be that, since the action was begun, the defendant has been appointed administratrix with the will annexed, and her powers and duties as temporary administratrix have expired. As we have found it necessary to reverse this judgment upon other grounds, we need not pass upon the rights of the personal representatives until the administrator in chief shall have been substituted. As this action operates solely upon title to lands, it is necessary either that the heirs at law or the devisee of Gideon E. Moore should be made parties; and, before the plaintiff is entitled to recover, she must show that the title to the land sought to be affected has vested in the defendant. In this regard the case made by the plaintiff was fatally defective. Marie Louise Moore was the wife of Gideon E. Moore. The heirs at law are not parties to the action. It was alleged in paragraph 2 of the complaint that "a certain paper or writing, a copy of which is here-

to annexed, marked 'Exhibit A,' and made a part of this complaint, has been heretofore offered for probate by the said Marie Louise Moore, the widow of Gideon E. Moore, as and for the last will and testament of the said Gideon E. Moore, deceased, in the office of the surrogate of the said city and county of New York, and that a citation to attend said probate has been served upon plaintiff above named." The Exhibit A referred to therein purports to be the last will and testament of Gideon E. Moore. All the allegations in regard to it are quoted above. No proof was made upon the trial respecting any such paper, nor was any such paper offered in evidence; but the plaintiff relied, as establishing the existence of that paper as the last will and testament of Gideon E. Moore, upon the following admission contained in the answer:

"The defendant admits each and every allegation in paragraph of said complaint numbered 'Second,' except the allegation that Exhibit A annexed to the complaint is a copy of the last will and testament of Gideon E. Moore, deceased; and defendant, for greater certainty, begs leave to refer to the original of said Exhibit A or the record thereof in the office of said surrogate when the same shall have been produced and proven." ·

The plaintiff claims that this is an admission of the due execution of the will set out in the complaint as Exhibit A. To this contention we do not accede. There is no allegation in the complaint that Gideon E. Moore ever executed a last will and testament. The allegation simply is that the defendant has offered a certain paper, claiming it to be such last will and testament. The admission goes no further than the allegation, and all that can be claimed for it is that the defendant admits that she has offered for probate a certain paper as and for the last will and testament of Gideon E. Moore, deceased. That such paper is the last will and testament is not alleged, nor is it conceded by the answer, nor does the answer concede that a true copy of the paper so presented is contained in the complaint. Before the plaintiff could recover, it must have been made to appear that Marie Louise Moore was the devisee of Gideon E. Moore, and, as such, had the title to this real estate. To do that she must not only allege, but establish, the fact that Moore duly executed his last will and testament. This was not alleged. It was not admitted. There was no proof that Exhibit A in the complaint was such a paper as it was claimed to be, and for that reason the plaintiff's case was fatally defective.

The judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.