## MOORE v. MOORE.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. MOTION COSTS—PAYMENT—WAIVER.

At argument of a motion a party objected that the costs of a previous motion were not paid, and, the court permitting the costs to be then paid, he agreed that they could be paid later, and proceeded with the argument. The costs were paid the same day, and he accepted them. *Held*, that he waived any objection there might be to proceeding with the motion.

2. PARTIES—AMENDMENT.

A temporary administratrix was sued as representing the estate, and was afterwards appointed executrix with the will annexed. *Held*, that the court properly permitted a change, by way of supplemental complaint, of the designation under which she represented the estate, this not being a substituted change in the parties.

3. SAME—NEW CAUSE OF ACTION.

Where, in an action to declare a resulting trust, the complaint failed to allege that deceased had made a will devising the land to defendant, this could be added by amendment, though at time of suit brought the will had not been probated, since it could have been proved in this action.

4. SAME—DEPOSITIONS.

The special term, permitting an amendment, has no authority to provide that it is without prejudice to depositions theretofore taken; the facts under which the depositions were taken not being before the court, and the admissibility of the testimony being a question to be determined on the trial.

Appeal from special term, New York county.

Action by Eliza L. Moore against Marie Louise Moore, individu-ally and as temporary administratrix of the estate of Gideon E. Moore, deceased. There was an order allowing plaintiff to serve

an amended and supplemental complaint, and defendant appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

James A. Dunn, for appellant.
Charles P. Howland, for respondent.

INGRAHAM, J. This action is brought to establish a resulting trust as to certain real estate of which one Gideon E. Moore stood seised at the time of his death. A trial at special term resulted in an interlocutory judgment in favor of the plaintiff, which, upon appeal to this court, was reversed (58 N. Y. Supp. 905) upon the ground that the heirs at law of the said Moore were not parties to the action, and no will of the said Moore devising the real estate in question was proved upon the trial. After the commencement of this action, the will of the said deceased was admitted to probate, and the defendant, who had been sued in this action individually and as temporary administrator of the estate of the said Moore, deceased, had been appointed administratrix with the will annexed. The facts sought to be alleged by way of amended or supplemental complaint allege the probate of the will; that by the will all of the real estate of the testator was devised to the defendant, Marie Louise Moore, who had been made a party defendant, both individually and as temporary administrator, she having been appointed such temporary administratrix prior to the commencement of the action; and the fact that letters of administration with the will annexed had been issued to the said Marie Louise Moore. The court below granted this motion upon terms, and from the order granting such motion the defendant appeals.

A preliminary objection to the hearing of the motion was taken by the defendant upon the ground that the plaintiff had failed to pay $10 costs, which had been awarded upon the denial of the previous motion. It appears that, upon the motion being called for argument, counsel for the defendant objected to the court's entertaining the motion, upon the ground that similar motions had been made and denied with $10 costs, which had not been paid. The court held that, while the nonpayment of costs operated as a stay, that stay could be at once terminated by the payment of the costs. Counsel for the plaintiff then offered to pay the costs, and counsel for the defendant said: "If the court holds that this is the effect of the payment, I will not require it now. Mr. Howland can pay it afterwards." Whereupon the argument of the motion proceeded on the merits, and the costs were paid on the same day, and received by the defendant. We think that whatever objection there was to proceeding with the motion was waived by the action of the counsel for the defendant in accepting the costs, and proceeding without further objection with the argument of the motion.

The defendant further objected to the action of the court in substituting for the words "temporary administrator" the words "administratrix with the will annexed," as descriptive of the character

in which the defendant was sued. The defendant, as temporary administratrix, was made a party defendant as representing the estate of the deceased, and at the time the summons was served she represented the estate as temporary administratrix. Subsequent to the commencement of the action, letters of administration with the will annexed having been issued to the same defendant, she represented the estate as administratrix with the will annexed. Changing the designation under which she represented the estate so as to make it correctly describe her official position by way of supplemental pleading would seem to be proper. No new person was made a party to the action. The estate represented by the temporary administratrix was a party, and, when the defendant's office as temporary administratrix was terminated by her appointment as administratrix with the will annexed, it was quite proper for the court to allow, by way of supplemental complaint, an allegation of the issuance of the letters of administration, and the change of the designation under which the defendant represented the estate. As before stated, there was no new party added to the action. The estate represented by its proper officer was a party to the action before, and the substitution, which merely changes the designation by which the estate is sued, makes no substituted change in the parties. Nor is there a new cause of action alleged by the additional allegations in the complaint. There is the same cause of action, but prior to the amendment the complaint failed to allege that the deceased had made a will by which the real estate had been devised to the defendant. That allegation was added by the amendment. So far as the real estate was concerned, the validity of the devise did not depend upon the admission of the will to probate, for the will could have been proved in this action; and the omission from the complaint of the allegation that such a will had been executed, and the failure of the plaintiff to prove the execution of that will upon the trial, was held to be error, which required the reversal of the interlocutory judgment. The insertion of the allegation as to the execution of the will was simply the insertion of an allegation necessary to the maintenance of the cause of action alleged, but which had been omitted from the complaint. We think, however, that the insertion in the order of the provision, "and without prejudice to the depositions of the plaintiff and of the witness E. B. Mastic, heretofore taken upon interrogatories herein, or to any other proceedings heretofore had herein," was unauthorized. The facts under which the depositions of these witnesses were taken were not before the court. The question as to the admissibility of the testimony should be left to be determined upon the trial, the special term upon this motion not being in a position to deal with such question.

The order appealed from should therefore be modified by striking out this provision before cited in relation to the depositions of the witnesses, and, as thus modified, the order appealed from should be affirmed, without costs to either party upon this appeal. All concur.