(32 Misc. Rep. 68.)

## MOORE v. MOORE.

(Supreme Court, Special Term, New York County. June, 1900.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—EVIDENCE.

On an accounting with an administratrix, evidence that her decedent held money belonging to complainant, and that in a letter written to her he made a statement showing how he had invested the funds, is sufficient to show that decedent held such funds, and that a fiduciary relation existed between him and complainant in respect thereto.

2. SAME.

On an accounting with an administratrix, evidence that her decedent held funds for complainant, and in a letter to her he inclosed a statement showing the amount due complainant, is sufficient to entitle complainant to a judgment for such amount, where defendant does not show that such sum had been repaid.

3. SAME—DISMISSAL OF ACTION.

Where a complaint for accounting states a cause for equitable cognizance, the fact that an accounting is rendered unnecessary by defendant's failure to produce any evidence is not cause for dismissal on the ground that the case as proven is not one for equitable relief, and complainant has an adequate remedy at law, since, where an answer is interposed, the court will grant the judgment which shall be consistent with the case made by the complaint, and embraced within the issues, irrespective of the relief demanded.

4. SAME—WAIVER OF ACCOUNTING.

Where, on an accounting with an administratrix as to money held by her decedent, it is admitted that decedent in his life made a formal statement of his account with complainant, and that such account was unpaid, complainant may waive his right to an accounting, and stand on the balance shown by such statement, where his remedy is sufficient without it.

5. SAME—DISMISSAL AS TO ADMINISTRATRIX INDIVIDUALLY.

A complainant in an accounting against an administratrix may waive a claim against realty purchased by decedent with complainant's money, and devised to such administratrix individually, and consent to the dismissal of the action without costs against defendant individually, where his remedy is sufficient without it.

6. SAME—LIMITATION OF ACTIONS.

Where a decedent, who died in 1895, on April 25, 1890, inclosed a formal statement of his account with complainant, acknowledging his indebtedness, and showing a balance due her, an action commenced by complainant against his administratrix in 1895 was not affected by the six-years statute of limitations.

Action by Eliza A. Moore against Marie Louise Moore, individually and as administratrix of the estate of Gideon E. Moore, deceased, for an accounting. Judgment for plaintiff.

Howland & Murray (Charles P. Howland and Herbert S. Barnes, of counsel), for plaintiff.

Whalen & Dunn (James A. Dunn, of counsel), for defendant.

LAWRENCE, J. 1. The amended supplemental complaint which was served in this action, pursuant to the authority given by the special term, and affirmed by the appellate division (44 App. Div. 253, 60 N. Y. Supp. 653), contains an appropriate allegation as to the probate of the will, and that letters of administration with the will annexed were duly granted to the defendant. The objection, therefore, which existed to the interlocutory judgment heretofore granted, was removed. See Moore v. Moore, 42 App. Div. 92, 58 N. Y. Supp. 905. The complaint as it now stands avers, in substance, that at various times previous to the 13th day of April, 1895, Gideon E. Moore, the decedent, who was a son of the plaintiff, collected for her, and had in his possession and under his control, various sums of money, amounting to upwards of $20,000, the property of the plaintiff, and that plaintiff, at his request, permitted said Moore to have and retain the possession and control of said sums of money for the purpose of caring for and investing the same for the benefit of plaintiff, and that said Moore had said sums of money as plaintiff's property, in a fiduciary capacity; that "the said Gideon E. Moore departed this life on or about the 13th day of April, 1895, in the city of New York, leaving a last will and testament, a copy of which is hereto annexed, and marked 'Exhibit A,' and made a part of this complaint, which will was on or about the 24th day of June, 1895, duly admitted to probate in the office of the surrogate of the county of New York, and that letters of administration with the said will annexed were thereupon, on or about the 4th day of September, 1895, issued to the defendant above named, who is the widow of said Gideon E. Moore"; that said will makes no mention of the plaintiff, or of the decedent's indebtedness to her, and nominates the defendant, Marie Louise Moore, as sole devisee and legatee; that the legal title to the two pieces of property hereinafter described became vested in the defendant individually, and has remained vested in her up to the present time; that said decedent left no books of account or papers, except check books and letter-press copy books, and that no other books or papers have been found relating to plaintiff's said property, and that plaintiff has been informed that the defendant, Marie Louise Moore, has been unable to find the same; that plaintiff has not been able to learn from books and papers found the exact amount of plaintiff's property, principal and interest, received by said Moore, nor the exact disposition of the same, but, from the best information that plaintiff has been able to obtain, the said Moore was insolvent, and left personal property of a small amount, entirely insufficient to satisfy the plaintiff's claim; that since the appointment of Marie Louise Moore as administratrix with the will annexed,

on the 4th day of September, 1895, and the issuance of letters of administration to her, she has filed no inventory, no notice to creditors, and no accounting of her proceedings as administratrix, in the office of the surrogate's court in this county, nor has she procured her accounts as such administratrix to be judicially settled; that said Moore at the time of his death held the title to two pieces of real estate situated in the city of New York. Then follows a description of the property, which was situated as follows: One lot on the southwesterly corner of Pearl and Platt streets, and one lot on the southerly side of Stone street; the first piece of property being known as "No. 121 Pearl Street," and the second as "No. 10 Stone Street." It is further alleged that the premises above described were wholly or in part purchased with the money of the plaintiff, then held by the said Gideon E. Moore in a fiduciary capacity, and that the title thereto was taken by the said Gideon E. Moore in his own name, without the knowledge or consent of the plaintiff. The plaintiff therefore prays "that an accounting may be had between the plaintiff and the defendant, as administratrix with the will annexed of the goods, chattels, and credits of Gideon E. Moore, deceased, and that plaintiff may have a judgment against her, as such administratrix, for the amount found due upon such accounting, or that an accounting may be had between the plaintiff and the defendant, and that the interest of the plaintiff in the said real property may be established, and that the plaintiff have judgment directing the defendant to convey to her the said real property, or that an accounting may be had between the plaintiff and the defendant, and that the plaintiff have judgment directing that a sale of the said real property be had, and that payment be made to the plaintiff out of the proceeds of said sale of the amount of the plaintiff's money held by said Moore in a fiduciary capacity, and by him invested in the said real property, with interest, and that the plaintiff have judgment against the defendant as administratrix, etc., for any deficiency arising from such sale, and such other and further relief as to the court may seem just." The first allegation of the complaint, in reference to the money in the hands of the decedent, is denied by the answer. The allegations of the complaint as to the death of Moore, the probate of the will, and the issuance of letters of administration with the will annexed to the defendant, and as to the legal title of the premises being vested in her individually, are also admitted by the defendant, but the remainder of the allegation, numbered as second, is denied. The allegation in paragraph 3 in said complaint, that decedent left no books of account, etc., is denied, but as to the remainder of said paragraph the defendant alleges that she has no knowledge or information sufficient to form a belief. It is admitted that the defendant has not filed an inventory or judicially settled her accounts, and it is alleged affirmatively that the plaintiff applied to the surrogate's court to compel the defendant to file an inventory and an account, and that said application was denied. It is admitted that Moore at the time of his death held the title to the two pieces of real estate described in the complaint, but it is denied that the premises were wholly or in part purchased with money of

the plaintiff, held by Gideon E. Moore in a fiduciary capacity. The six-years statute of limitations is also pleaded, and as a separate defense the defendant alleges that the plaintiff has an adequate remedy at law. It is shown, either by the proofs or by the admissions contained in the defendant's answer, that Gideon E. Moore died on the 13th day of April, 1895, and that previous to that time he was, and for a considerable number of years had been, a resident of New York City, where he conducted the business of a chemist; that the plaintiff was his mother, and at the time of his death was 84 years old, and resided in Dresden, Saxony; that the decedent held in his hands a considerable amount of money, derived from different sources, belonging to the plaintiff; and that in a letter written by him to the plaintiff April 25, 1890, he made a statement to her of the manner in which he had invested her funds. In this letter he inclosed a formal statement of account, showing that the amount with which the plaintiff was credited by him on April 21, 1890, was $14,311.08; also, that Gideon E. Moore left a will by which the defendant, his widow, was made the sole legatee and devisee, and that no mention was made in this will of his obligations to the plaintiff. This will was admitted to probate on June 24, 1895. On August 17, 1895, this action was begun against the defendant individually and as temporary administratrix, the complaint containing the prayer for relief already referred to. On September 4, 1895, letters of administration, with the will annexed, were issued to the defendant, the widow of Gideon E. Moore.

2. I think the counsel for the plaintiff is right in his contention that the uncontradicted evidence shows that the decedent, Gideon E. Moore, had in his possession a large amount of money belonging to the plaintiff, and that such evidence proves that a fiduciary relation existed between him and the plaintiff in respect to that money.

3. I think, also, that it is clear that the plaintiff has shown that there was a balance in the hands of the defendant on the 21st of April, 1890, amounting to $14,311.08, for which amount the plaintiff is entitled to judgment against the defendant as administratrix. It will be noted by reference to the testimony that the defendant introduced no evidence upon the trial, and there is nothing to show that the amount admitted to have been in the hands of Moore at the time he wrote the letter to his mother was ever repaid to her.

4. It is contended upon the part of the defendant that the case as proven is not one for equitable cognizance, and that the plaintiff has an adequate remedy at law. The case as stated in the complaint was one for equitable cognizance, and the simple fact that an accounting has been rendered unnecessary by the failure of the defendant to produce any evidence upon the trial should not induce the court to dismiss this action on that ground. I think the case fairly falls within that class of cases of which Bell v. Merrifield, 109 N. Y. 202, 16 N. E. 55, is an example. In that case it was held that:

"The formal relief asked in a complaint is not controlling in determining the nature of the action, and where an answer is interposed the court will grant the judgment which shall be consistent with the case made by the complaint and embraced within the issues, if sustained by the evidence, irrespective of the relief demanded."

In that case, Justice Peckham, in delivering the opinion of the court (page 207, 109 N. Y., and page 56, 16 N. E.), says:

"At any rate, all the facts necessary to make out a cause of action of an equitable nature are alleged in the complaint, and they are not such as are merely incidental to another and totally different cause of action. Such was the case of Barnes v. Quigley, 59 N. Y. 265. An answer having been interposed in this case, the formal relief asked in the complaint is not of much importance, and the court will grant the judgment which shall be consistent with the case made by the complaint and embraced within the issues. Hale v. Bank, 49 N. Y. 626. The mere fact that the complaint asks for a money judgment does not necessarily show that the case is one for trial by jury. Courts of equity give judgment for money only, where that is all the relief needed. Murtha v. Curley, 90 N. Y. 372. And if facts are stated in a complaint which show that it is of an equitable nature, and that the cause of action is simply equitable, we do not think that a case is made for a trial by jury under the Code (section 968), merely because the complaint improperly asks for a money judgment only."

See, also, Pendergast v. Greenfield, 127 N. Y. 23, 27 N. E. 388; Gilbert v. Morrison, 53 Hun, 446, 6 N. Y. Supp. 491.

5. Plaintiff desires to waive her right to an accounting, and, as her counsel states in his brief, to stand upon the balance shown in Exhibit B, as being on April 21, 1890, in the hands of Gideon E. Moore, namely, $14,311.08. A waiver is desired, as counsel states, (1) because the remedy of the plaintiff is sufficient without it, the balance being undisputed, and no payments having been made to the plaintiff since the date of the account; (2) an accounting would be an expensive proceeding, and further diminish the funds of the estate, which even now are insufficient to pay the plaintiff's claim; (3) an accounting would produce delay; and (4) in the end would result in the balance shown by Exhibit B. These reasons commend themselves to my mind, and I think the waiver should be allowed. Counsel also states in his brief that for the same reason the plaintiff waives her claim against the real property purchased with the plaintiff's money, and by the will devised to the defendant individually, and consents to a dismissal of the action, without costs, as against the defendant individually. This, I think, should also be allowed. See Code Civ. Proc. § 3229; Frazer v. Hunt, 18 Wkly. Dig. 390; Sawyer v. Thurber, 14 Civ. Proc. R. 205.

6. The six-years statute of limitations does not apply. The account, Exhibit B, is dated April 21, 1890, and this action was begun on the 17th of August, 1895. Under the decision of this court in the case of De Crano v. Moore, 50 App. Div. 361, 64 N. Y. Supp. 5, 7, which is not yet reported in the regular series of the appellate division, which was an action brought by a sister of the decedent against the same defendant, the court say:

"Indeed, it may be doubtful whether the statute of limitations had commenced to run at all. The transaction was either a deposit of money to be paid upon demand, or it was a deposit of money to be held and invested by the depositary as trustee. If the transaction was of the character first mentioned, the statute could only be set running by a demand; and, if it was of the latter character, the statute would only commence to run after it had been ascertained that the depositary had converted the money to his own use."

7. The objections taken to the depositions were made too late. Wright v. Cabot, 89 N. Y. 570; Newton v. Porter, 69 N. Y. 133. I

am of the opinion that the plaintiff is entitled to judgment against the defendant, as administratrix, in the sum of $14,311.08, with interest at 6 per cent. from April 21, 1890, with the costs and the usual allowance.

Judgment for plaintiff, with costs.