(68 Misc. Rep. 579.)

### In re STEEL.

(Supreme Court, Special Term, Queens County. August. 1910.)

1. TRUSTS (§ 72*)—IMPLIED TRUST—CREATION.

Where a husband purchased land, and had the deeds made to his wife as trustee for their infant daughter, an implied trust was created in favor of the daughter.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 102; Dec. Dig. § 72.*]

2. TRUSTS (§ 70*)—VALIDITY—EVIDENCE.

Where a mother, with funds that came from her husband, took a mortgage in her own name as trustee for her daughter, and received and collected the interest thereon, and on the payment of the mortgage reinvested the amount in another mortgage taken in her name as such trustee, she held the securities and the proceeds thereof under a valid trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 95–97; Dec. Dig. § 70.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the judicial settlement of the account of Sarah Steel, trustee. Decree rendered.

Magee & Cornell (John W. Magee, of counsel), for petitioner.
Wyckoff, Clarke & Frost, for Queens County Trust Co., as trustee.

PUTNAM, J. The petitioner's husband, in purchasing with his own funds the lots involved in this accounting and having the deeds to such lots made to the petitioner as trustee for their infant daughter, created an implied or resulting trust in favor of the daughter. Siemon v. Schurck, 29 N. Y. 598; McCahill v. McCahill, 11 Misc. Rep. 258, 32 N. Y. Supp. 836; Ahrens v. Jones, 169 N. Y. 555, 62 N. E. 666, 88 Am. St. Rep. 620. However, the estate of the petitioner as trustee ceased with the death of the beneficiary, and the title passed to the Queens County Trust Company as trustee under the will of Sarah E. A. Steel. Watkins v. Reynolds, 123 N. Y. 211, 25 N. E. 322.

An implied trust with respect to the purchase by the petitioner with her own funds of the mortgage for $1,500, which she had made to herself as trustee for her daughter, could also be created, if the petitioner clearly evinced an intent to make a gift of such sum for the benefit and use of her daughter. It is claimed, however, that such was not her intention, and that, therefore, she is entitled to keep and retain these mortgage proceeds.

The intent to make a valid gift must be evidenced by some unequivocal act. Young v. Young, 80 N. Y. 422, 36 Am. Rep. 634. While the savings bank cases have receded from the original ruling, and now hold respecting a savings bank deposit that no sufficient intent to create a gift appears from such a deposit in trust for another unless the donee shall survive, this rule does not apply to a mortgage transaction where the donor is already a parent holding a trust relation to a daughter. Although the fund creating the mortgage indebtedness came from Mr. Steel, the surrounding circumstances sufficiently indicate the intention to create a gift, as evidenced by taking the first mortgage in her name as trustee for her daughter and having it so recorded. As Sarah E. A. Steel was a minor, the action of her mother in retaining possession of the mortgage, and receiving and collecting the interest thereon, was not inconsistent with such gift. After the mortgage had been paid off, and Mrs. Steel had again received the proceeds, she again confirmed the gift by reinvesting $1,300 thereof in another mortgage, also taken and recorded in her name as trustee.

In view of the relations of the parties and the evidence given on the hearing, which did not tend to contradict this gift, I find that the original mortgage of $1,500, as well as the later one of $1,300, was held under a valid and enforceable trust. The petitioner, therefore, is correct in accounting for the principal and interest thereon, as has been done in the account presented. The decree should declare that, as to the land held by the petitioner in trust, the title passed upon the death of Sarah E. A. Steel to the Queens County Trust Company as trustee and devisee under the will of the daughter, and directing that Sarah Steel as trustee assign and deliver the said mortgage of $1,300

and the $200 of principal, balance of the proceeds of the first mortgage, together with any interest thereon, to the said trust company, and should further state and settle the petitioner's account in accordance with this opinion.

Ordered accordingly.