In re VAN ALSTYNE et al.

(Supreme Court, Appellate Division, Third Department.   January 4, 1911.)

1. MORTGAGES (§ 319*)—DISCHARGE—EVIDENCE.
    On an accounting by a wife as one of the executors of her husband,
    evidence *held* to show that certain notes and the deed of trust securing
    them on property of the wife which were found in a bundle of the wife's
    papers in a safety deposit box, to which both had access, had been paid
    off and extinguished by the husband in consideration that he should re-
    ceive the rents, so that the wife was not bound to account therefor.
        [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 863; Dec.
    Dig. § 319.*]

2. APPEAL AND ERROR (§ 1175*)—REVERSAL—RENDERING FINAL JUDGMENT.
    An appeal was taken by a widow, from the decree on her accounting
    as one of the executors of her husband, and it was stipulated by the only
    parties interested that the only matter in issue was whether the wife was
    chargeable as executrix with certain notes made by her and which she
    maintained had been paid off by her husband under an arrangement that
    he should have the rents of the real estate on which they were secured.
    The notice of appeal stated that the facts would be brought up for re-
    view, and the record showed no exception to the evidence on which the
    wife's defense rested, and no reason for reversal of the decree had it
    been in her favor.   *Held* that, on the appellate court finding that a
    wrong conclusion had been drawn from the evidence, judgment would
    be entered in the appellate court on the issue before it.
        [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–
    4587; Dec. Dig. § 1175.*]

    Cochrane, J., dissenting.

Appeal from Surrogate's Court, Albany County.

Judicial settlement of the accounts of Laura L. Van Alstyne and
another; executors of Thomas B. Van Alstyne, deceased.   From a
decree of the surrogate settling the accounts of the executors, Laura
L. and William T. Van Alstyne appeal.   Modified.

See, also, 126 N. Y. Supp. 1149.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,
SEWELL, and HOUGHTON, JJ.

Charles Oakes, for appellants.

Thomas F. Wilkenson (Murray Downs, of counsel), for respondent.

JOHN M. KELLOGG, J.   The decree, among other things, deter-
mines that three notes made by the said Laura L. Van Alstyne to the
Girard Life Insurance Annuity & Trust Company were property of
the estate, and charges her with $28,950 due thereon.   The notes were
given by her December 30, 1885, and before her marriage, and the
proceeds thereof were used to improve certain real estate in Washing-
ton which belonged to her, and were secured by deeds of trust upon
that property.   In February, 1886, she married Judge Van Alstyne, of
Albany, and went there to reside.   He directed her, soon after the
marriage, to direct her agents in Washington to apply all the proceeds
from the rents of the real estate in payment of the notes and trust
deeds, and shortly thereafter he told her, in substance, to write to her
agents to turn the notes and trust deeds over to him; that he wanted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to pay the debt off, for he would not have a debt standing in his wife's name. She said she would write, and he told her how. She replied that it was kind and generous, and that she expected to turn the rentals over to him, to which he replied, "That is no more than I shall expect." He prepared the draft of a letter, directed her to write it to her agents in Washington, which she did, and thereafter he paid the amount due upon the notes, and the notes and trust deeds were sent to him. The notes were indorsed by the trust company, payable to his order, without recourse. At a later date she asked him whether he had arranged matters concerning the notes and deeds so that she would have no trouble in case he died, he having informed her that he had made her executrix of his will, to which he replied, "I will fix that. You can't have any trouble about that; those notes are outlawed." Thereafter, at his request, they went to the Albany Safe Deposit Company, a deposit box was rented in their joint names, both signing their names in the books of the company for that purpose as the holders of the box; he handed her one of the duplicate keys to the box, he keeping the other. After his death she opened the box, in the presence of the coexecutor, and found several of his private papers loose in the box, and a separate package. This separate package contained the promissory notes and the trust deeds; also her title deeds to the Washington property, the tax receipts, and other papers relating to that property, together with certain papers which had been left with her by her sister for safe-keeping. She took away with her this package, claiming it as her own.

Declarations of Judge Van Alstyne to their son and to others tend strongly to show that he had given to her the money and freed her Washington property from debt.

The referee and surrogate have found that there was no completed gift of the notes. I think the inquiry begins farther back. The record, as it stands, shows an agreement by her husband to pay off her debt and relieve this property in consideration that he should have the rents and profits of it. She did not know that the Girard Trust Company had indorsed the notes over to him, but assumed that he had done what was necessary to do to carry out the understanding. It does not appear whether the indorsement was made by the trust company of its own motion for security in transit in case the notes were lost, or whether it was done by his direction. If he directed such action without her knowledge, his estate can gain no benefit from it. He may have directed it for convenience and safety in transmitting the notes to himself, and without any intention to claim them as his own. If, however, he had another intention, it was in violation of the understanding, and it can bring no benefit to his estate. This conversation preceding the payment of the notes, the transaction with the trust company, the rental of the safe deposit box at Albany, and the putting of the notes and trust deeds in a package containing her documents only, resulted in an extinguishment of the debt and freed her from liability thereon. It is unnecessary to particularize and say whether there was a gift of the notes or the money which was paid to the trust company. It is sufficient to say that the entire transaction makes her defense.

We have examined the record, and we find no valid exception to the evidence upon which her defense rests, and no reason calling for a reversal of the decree had it been in her favor upon the questions litigated. She appealed from the decree and each and every part thereof, and her notice of appeal recites, "and appellant intends to bring up the facts for review under section 2586 of the Code of Civil Procedure," which section provides that where an appeal is taken upon the facts the appellate court has the same power to decide the question of fact which the surrogate had, and it may in its discretion receive further testimony.

Judge Van Alstyne left him surviving his widow and William T. Van Alstyne, their son; also her coexecutor, Thomas B. Van Alstyne, his son by a former wife, who are respectively executrix and executor of his will. They alone are interested in the estate. This controversy is really between the widow and the stepson, and by written stipulation in the record, made by their respective attorneys, the parties agree, each as executor and individually, that the only matter in issue on this appeal is the question whether the notes, and deeds of trust given to secure the same, are or are not assets of the estate and liabilities against her. The evidence shows they are not, and it is unnecessary to take further testimony or prolong the litigation. The referee and the surrogate erred in applying the law to the facts as proved, and in not giving to the facts the force to which they are justly entitled.

The decree, therefore, so far as it determines that the estate owns these notes and deeds of trust, and that she is liable thereon, should be reversed upon the law and the facts, and the judgment of this court should determine that said notes and deeds of trust are not the property of the estate, and that she is not liable to the estate therefor, and that her accounts shall not be charged therewith, and the decree of the surrogate should be modified accordingly, and further modified to give full effect to such modifications, and as so modified is in all respects affirmed, with costs to the said Laura L. Van Alstyne to be paid from the estate. All concur, except COCHRANE, J., who dissents and votes for affirmance.