FRANK A. SMITH, as Substituted Trustee under the Last Will and Testament of JOHN MILLER, Deceased, Respondent, *v.* R. FRANK BOUTON and Others, Respondents, Impleaded with GRACE E. MCINTYRE and Others, as Administrators, etc., of LANA J. GROVER, Deceased, Appellants.

Third Department, July 1, 1927.

Mortgages — foreclosure — trusts — action to impress trust on mortgage given by beneficiary of trust to trustee forty years ago and to foreclose same — Statute of Limitations has not run — beneficiary became liable to account to trustee — present owner, purchaser from trustee, had constructive notice of mortgage — judgment of foreclosure modified to grant equity.

This is an action by a substituted trustee to impress a trust upon a mortgage given by the beneficiary of the trust to the trustee about forty years ago, and to foreclose the mortgage. The mortgage became a part of the trust fund and

the beneficiary indirectly received the benefit therefrom. As a matter of law, the Statute of Limitations has not run against the mortgage.

The property was sold by the beneficiary and a mortgage taken back by her, but the only notice that the purchaser had of the existence of the old mortgage was constructive notice arising out of the record thereof. In view of the fact that the beneficiary intermeddled with the trust fund, and in fact acted as her own trustee, she and her estate became liable to account to the trustee for the mortgage she had given, which had become a part of the trust fund.

In order to do equity in this case, the Appellate Division directs that the administrator and heirs at law of the beneficiary be given an opportunity to pay the mortgage, interest and costs, and receive a discharge thereof, and that, in case they fail to do so, the owner of the property may pay said mortgage, together with interest and costs and receive a credit for the amount so paid on the mortgage given to the beneficiary by the purchaser for the purchase of the property. In case neither option is exercised, the Appellate Division directs that the property be sold as directed by the judgment below.

APPEAL by the defendants, Grace E. McIntyre and others, from a judgment of the Supreme Court in favor of the plaintiff and certain of the defendants, entered in the office of the clerk of the county of Otsego on the 13th day of December, 1926, upon the decision of the court rendered after a trial at the Otsego Special and Trial Term before the court without a jury.

*Percy J. Thomas* [*Hubert L. Brown* of counsel], for the appellants.

*Harry J. Mosher*, for the plaintiff, respondent.

*Arthur W. Morse*, for the respondents Bouton.

DAVIS, J. The judgment in this equity action in the main directs the foreclosure of a mortgage and the sale of the mortgaged premises. Other incidental relief is granted. The controversy involves a somewhat complicated state of facts.

The last will and testament of John Miller, who died August 27, 1883, created a trust of $2,000, the income therefrom to be paid to Lana J. Grover each year during her life. The remainder was bequeathed to the heirs at law and next of kin of two brothers of the testator. John T. White was named as trustee.

Upon final settlement of the accounts of the executor, about January 1, 1885, the trust fund was turned over by the executor to the trustee. The receipt then given did not disclose the nature of the property constituting the trust fund. White, the trustee, died in 1901. The plaintiff was not appointed as substituted trustee until September 15, 1913. In the interim there had been no qualified person managing the trust, but at times part of the income from the trust was paid direct to the beneficiary. Lana J. Grover died intestate March 6, 1925. Her husband, James D. Grover, has been appointed administrator of her estate. Her children, Grace E. McIntyre and Lee H. Grover, are her only heirs at law.

The substituted trustee upon his appointment received mortgages amounting to about $600. The whereabouts of the remaining trust funds were then not apparent. Patient search and investigation after the death of Lana J. Grover disclosed that the latter had at about the date of the settlement of Miller's estate, given a mortgage to the executor for about $1,200. This mortgage, though duly recorded, has been lost. No assignment from the executor to the trustee has been found. This action was brought by the substituted trustee on behalf of the remaindermen to impress the trust upon the Grover mortgage and to foreclose the same.

Without discussion we may say that the evidence supported the findings of the court to the effect that the mortgage given by Lana J. Grover became a part of the trust estate; that she as beneficiary received the income from the remaining trust funds during her life, and constructively received the income from the mortgage she had given on the property upon which she resided until a short time before her death; and that as a matter of law the Statute of Limitations has not run against the mortgage. (*Matson* v. *Abbey*, 141 N. Y. 179; *Putnam* v. *Lincoln Safe Deposit Co.*, 191 id. 166.)

The mortgaged premises were conveyed November 1, 1924, by Lana J. Grover and her husband by warranty deed to R. Frank Bouton. Oral representations of a clear title were made at the time of purchase, and the grantee took with no actual notice of the ancient mortgage. He paid a portion of the purchase price and gave Mrs. Grover a mortgage for $6,000 for the balance.

We are satisfied with the conclusions of the learned court below that by reason of the acts of Lana J. Grover in intermeddling with the trust and in effect acting as her own trustee, she became liable to account to the trustee for the mortgage she had given, which had become a part of the trust fund. The only doubt we entertain as to the final disposition of the case by a judgment of foreclosure relates to the form of remedy applied. Bouton, except for constructive notice, is an innocent purchaser of the property. Very little responsibility can be cast upon him for failing to discover a mortgage recorded nearly forty years before he purchased. Yet under this judgment he must see the property sold on foreclosure, and be deprived of his title to the farm, with the somewhat doubtful relief of a judgment for his payments against the estate of his grantor. It may be that he would prefer to retain the farm he purchased and has no doubt improved. At least he should have the opportunity.

We do not need here to make nice distinctions between actual and constructive eviction before or after the actual sale on foreclosure. Bouton's title is impaired by the mortgage determined

to be valid. Equity will administer such relief as the exigencies of the case demand at the close of the trial. (*Lightfoot* v. *Davis*, 198 N. Y. 261; *Bloomquist* v. *Farson*, 222 id. 375.) It will aim to close the controversy by a determination that will be final, without considering eventualities. (*Russell Hardware & I. M. Co.* v. *Utica D. F. & T. Co.*, 195 N. Y. 54.) In a suit of this nature the court will grant the relief that equity and good conscience suggest, adapting the relief to the situation presented. (*Hubbell* v. *Henrickson*, 175 N. Y. 175, 180.) Bouton should not be required, except at his option, to have his farm sold with the attendant expense of foreclosure costs. Furthermore, the administrator and the heirs at law of Lana J. Grover should have opportunity to make payment of the mortgage and interest, and thus clear the title of Bouton. They are free from personal wrong and may desire to do what is obviously fair. Equity will permit parties to do what they have a legal right to do. (*Tiffany* v. *Town of Oyster Bay*, 234 N. Y. 15, 23.)

The judgment should be modified to provide that within twenty days after notice of entry thereof, the administrator and the heirs at law of Lana J. Grover may pay the costs awarded to Bouton in the judgment below, amounting to fifty-five dollars, and the amount of the mortgage, interest and costs, and receive a discharge thereof from the plaintiff. In case they fail to pay the same, then the defendant Bouton may have twenty days in which he may make payment of said mortgage, interest and costs awarded to plaintiff; and he shall be entitled to a credit of the amount so paid, together with the costs allowed him, on the mortgage given for the purchase to Lana J. Grover. The trustee shall give prompt notice of the exercise or failure to exercise the options here given. If neither of said options is exercised, then the property shall be sold as directed by the judgment; and as so modified and amended, the judgment should be affirmed, without costs.

If counsel cannot agree on its terms, the order may be settled before DAVIS, J., on three days' notice.

COCHRANE, P. J., HINMAN, McCANN and WHITMYER, JJ., concur.

Judgment modified in accordance with opinion and as so modified affirmed, without costs.

If counsel cannot agree on its terms settle order before DAVIS, J., on three days' notice.