In the Matter of the Application of FRANCIS E. DORSEY, as Administrator, etc., of THOMAS TANGERMAN, Deceased, Respondent, to Discover Certain Property of Said Deceased Claimed to Be Withheld.

CATHERINE McCORMICK, Appellant.

Third Department, May 15, 1929.

*William E. Bennett*, for the appellant.

*John W. Nichols*, for the respondent.

HASBROUCK, J. Many years ago the deceased became estranged from his wife and children. Since about twenty-four years ago Catherine McCormick, unwedded, has lived with the deceased, caring for his home and helping him in his business. While his home was in Saratoga Springs, he died in Long Island City, where he had gone for an operation. He was buried in Saratoga Springs. Catherine McCormick contracted and paid his funeral expenses; without counsel and innocently she took possession of his property, sold the stock of groceries in his little store, an ice box and a few articles of furniture, from which sales she realized $463.02. She had the few other articles of furniture which in the decree she is directed to restore, also a bank book, showing $49.16 due, which was delivered to the administrator during the hearings. The above-mentioned property constituted the entire estate of deceased. She had paid out for funeral expenses about $475, and paid all the claims against the estate, amounting to $612 or more. The administrator, duly appointed, instituted this proceeding. No demand had been made that she set apart or deliver to the widow her exemption in the sum of $150. Payment of this sum, however, appellant tendered in the course of the hearings, but the administrator refused to receive it. When this sum is paid over, appellant will have $313 to offset against the amount she has paid out. A decree has been made directing the appellant to deliver to the administrator certain articles of furniture mentioned and the $463.02, realized from the sale of property. The appeal is taken from that part of the decree only which directs the delivery of the sum of money.

The widow's exemption ($150) is no part of the estate of the deceased for any purpose. It must be set forth in the inventory as property belonging to the widow. (Surrogate's Court Act, § 200.) The funeral expenses, while not strictly a debt of the decedent, are preferred for payment to all debts and claims against the deceased and shall be paid out of the first moneys received, subject only to the expenses of administration. (Surrogate's Court Act, § 216.) There is an implied promise that the administrator will pay the reasonable funeral expenses (*Matter of Moran,* 75 Misc. 90, 92, and cases cited); and a person not a meddler, who in good faith paid the funeral expenses, may offset the reasonable funeral charges against any claim which the estate may have against him. (*Patterson* v. *Patterson,* 59 N. Y. 574; *McCue* v. *Garvey,* 14 Hun, 562.)

The appellant was not a meddler. She had been the companion of the deceased and his assistant in his affairs for many years. Naturally she incurred the expenses of the burial. There is no claim or proof that these charges are unreasonable under the conditions. She was the one witness giving any important testimony at the hearings. Her testimony was frank and bears every evidence of honesty. Everything learned upon the hearing could have been learned without this proceeding. Without legal right, but innocently, she used property of the deceased to pay these expenses and likewise without legal right, and without obligation thereto, she paid the other claims against his estate. There is no creditor and no property of the estate subject to State or Federal taxes, or for distribution. No necessity to incur any expenses of administration, unless to collect on the bank book, is shown. To establish an administrator's right to recover assets he is bound to show that the recovery is necessary to the due administration of the estate of which he is administrator. (*Toch* v. *Toch,* 81 Hun, 410, 413.) There has been no attempt to show that there are unpaid creditors, or unpaid expenses of administration, or that funeral expenses paid were unreasonable, or that the amount received from the sale of decedent's property is inadequate. We find no necessity for subjecting this little estate to charges for commissions on a sum of money received and paid out, or to the expenses of accounting which would reduce the amount retained by the appellant, who has properly, in good faith and innocently, paid the funeral expenses. The estate could have been settled without letters of administration having been issued. (*Herrington* v. *Lowman,* 22 App. Div. 266.)

The Surrogate's Court had power to determine all questions in law and equity between all parties and all persons having claims

(Surrogate's Court Act, § 40; *Smith* v. *Bouton,* 221 App. Div. 317); and this court on appeal may decide all questions of fact as could the surrogate and modify or change the decree as justice requires. (Surrogate's Court Act, § 309; *Matter of Van Alstyne,* 142 App. Div. 209.)

That part of the decree from which appeal is taken should be reversed, and the matter remitted to the surrogate.

VAN KIRK, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur.

Decree, so far as appealed from, reversed on the law, with costs to the appellant payable out of the estate, and matter remitted to the surrogate with directions that a decree be made that the appellant pay to the administrator and the administrator receive $150, the widow's exemption; that appellant retain the remainder of the funds which she received from the sale of decedent's property as and for the funeral expenses paid by her.