JEROME A. PAGANO et al., Plaintiffs, *v.* PHILIP E. PAGANO, Defendant.

Supreme Court, Special Term, Westchester County, February 11, 1955.

*Henry J. Smith* for plaintiffs.

*Harold Kronenberg* and *Julius Hochstein* for defendant.

EAGER, J. The parties to this action are brothers, and there is involved here the question of whether the defendant is accountable in equity as trustee *ex maleficio* to his three brothers (the plaintiffs) for his refusal to convey to them an interest in a small farm and residence property (about nine acres) to which defendant holds the legal title. The action has been tried before the court without a jury, and at the close of the trial, it was announced that the court would find as a matter of fact that the purchase of this property in 1938 was a family proposition. The family then consisted of the mother and four sons, and it is clear that they acquired this property as a family home, that all of them contributed by money and labor toward the purchase price and in the improvement of the property, and that the purchase

was made and title ultimately taken in the name of the defendant as a matter of convenience and with the understanding that he would hold the property for the benefit of all. Such findings are clearly required by the evidence as was more fully pointed out by the undersigned in his determination as to the facts dictated upon the record at the close of the trial. Reference should be had to the same.

It was clearly understood that the defendant would hold the premises for the family as a whole. The taking of the contract to purchase and finally the deed to the property in the defendant's name was arranged and accomplished solely because of the confidence of the family that he would respect this understanding. He may not now conscientiously retain as his individual property that which all the family bargained for, worked for and paid for. His repudiation in 1950, of the understanding and confidence reposed in him, and his position then taken that the property belonged to him individually, constitute a manifest fraud properly to be rectified by a court of equity. It would be a reproach upon the jurisdiction of this court if it did not render the necessary decree to prevent the abuse of confidence and to redress the fraud.

That this court may and should grant relief to the plaintiffs is clear under holdings of our Court of Appeals. In *Beatty* v. *Guggenheim Exploration Co.* (225 N. Y. 380, 386), it was said: " A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee ". Recently, said court, in *Pattison* v. *Pattison* (301 N. Y. 65, 72), held, " the law is clear that, despite the parol evidence rule and the Statute of Frauds, the courts will enforce a constructive trust where land is conveyed to a person who is in a confidential relation to the transferror for whom he has orally agreed to hold it." In fact, said court indicates a trend toward a definite liberality in the application of the constructive trust doctrine. In *Latham* v. *Father Divine* (299 N. Y. 22, 27), the court, per DESMOND, J., said that, " A constructive trust will be erected whenever necessary to satisfy the demands of justice. Since a constructive trust is merely ' the formula through which the conscience of equity finds expression ' (citing cases) its applicability is limited only by the inventiveness of men who find new ways to enrich themselves unjustly by grasping what should not belong to them. Nothing short of true and complete justice satisfies equity, and, always assum-

ing these allegations to be true, there seems no way of achieving total justice except by the procedure used here.''

It is true that the defendant, strictly speaking, did not stand in a fiduciary relationship toward the other members of the family, but this is immaterial. There are many decisions supporting the finding of a constructive trust where there was a mere family relationship without a fiduciary relationship. Many of such cases are cited in Scott on Trusts (Vol. 1, § 44.2, pp. 253–255), and it is there pertinently stated: '' The abuse of the confidential relation in these cases consists merely in his (the promisor's) failure to perform his promise. A constructive trust is imposed even though there is no fiduciary relation such as that between attorney and client, principal and agent, trustee and beneficiary; it is sufficient that there is a family relationship or other personal relationship of such a character that the transferor is justified in believing that the transferee will act in his interest.''

The evidence before the court clearly established that the entire family continued, until October 31, 1941, to jointly work for and contribute toward the purchase of the premises. The parties for years thereafter held to the belief that they all had an interest in the premises, though it appears from then on the defendant assumed the responsibility of the carrying charges. The defendant, however, continued to recognize his obligation to the other members of the family. As recently as May, 1947, the defendant, in response to a request that he put the plaintiffs' names on the deed, said he would do this later on but not at that time because some of the brothers were then having too much trouble with their wives. Finally, in the spring of 1950, the plaintiffs learned that the defendant was about to place a mortgage upon the premises in the amount of $10,000. The plaintiffs objected. The defendant then for the first time said that the property was his, and that he would do as he pleased. He further said that he felt sorry for two of his brothers (two of the plaintiffs) and would pay them a sum of money for their shares which was refused.

Under the circumstances, the Statute of Limitations is not a defense. The ten-year statute prescribed by section 53 of the Civil Practice Act applies, and, under the circumstances, the cause of action did not accrue until 1950, when the defendant first repudiated his obligations and asserted an individual right to the premises. He, thereupon, became a constructive trustee accountable in equity. (See, though not directly in point, *Lammer* v. *Stoddard,* 103 N. Y. 672, 673; *Tesauro* v. *Tesauro,*

112 N. Y. S. 2d 246, 250, 251; *Geller* v. *Schulman,* 110 N. Y. S. 2d 862, 865; *Devoe* v. *Lutz,* 133 App. Div. 356, 359, and *Woolley* v. *Stewart,* 222 N. Y. 347. See, also, 3 Scott on Trusts, § 481.1.)

The contention that plaintiffs do not come into court with clean hands and that, therefore, this court should not aid them has been examined and is rejected. It is clear that the contract and deed were taken in the name of the defendant because of the advice of a reputable attorney. A conference was had in which the attorney and all members of the family participated. It was then decided that the defendant was the best person to hold the title because he was the one member of the family who was not then engaged in business ventures. There was no actual intent then present to impede or defraud creditors. It is true that the parties did have in mind the uncertainty of their business ventures and that they did desire to keep this property as a family asset free from business entanglements. However, it does not appear that any of them had any intent to evade responsibility for their business obligations. There was absent any fraudulent intent. Therefore, these plaintiffs may not be said to have unclean hands barring them from the help of this court to remedy the fraud being perpetrated upon them by the defendant. (See *Klein* v. *Klein,* 112 N. Y. S. 2d 546; *Bartos* v. *Bartos,* 138 Misc. 117, and *Foreman* v. *Foreman,* 251 N. Y. 237.)

Finally, the court has considered the claim of defendant that the failure to join the mother as a party to the action constitutes such a defect of parties as to require a dismissal thereof, or, in any event, as to bar this court from awarding judgment to plaintiffs herein without bringing the mother in as a party. The mother lives with the defendant, is friendly toward him and was a witness in his behalf. Clearly, she should have been a party to the action, but the defendant's belated position in this regard does not appeal to the court. Generally, " Nonjoinder of parties is not a ground for dismissal of a complaint until after the making of an order directing a joinder." (*Wolff* v. *Brontown Realty Corp.,* 281 App. Div. 752.) In any event, a defendant who does not raise a question of nonjoinder of parties in an action in equity until the submission of the same for decision will be deemed to have waived the objection, provided, of course, the court may render an effective decree as between the parties. Under the circumstances, the question here should be, is the court enabled to completely decide the controversy as between the parties before it and to render an effective decree? If so, the court should proceed to do so. Here, the defendant holds the legal title in his name, and a decree as hereinafter

directed will be fully effective to determine as between the parties to the action their rights in the subject matter thereof.

Judgment shall therefore be rendered for plaintiffs. The nature and extent of the decree, however, requires some thought and discussion. It is clear that a court of equity should administer such relief as the exigencies of the case demand at the close of the trial. The court should render such decree as equity and good conscience requires under the circumstances as presented at the time of the trial. (See *Smith* v. *Bouton,* 221 App. Div. 317, and cases cited therein. Also *Hoffman* v. *Bonan Co.,* 275 App. Div. 57, 60.)

The court concludes that the defendant is to be charged as trustee of this property for the mother and four sons (including himself). A judgment directing a conveyance to each of the plaintiffs of an undivided one-fifth interest in the property is a proper and adequate decree under the circumstances. The interests to be conveyed to them are to be free and clear of such incumbrances as may have been placed or accrued against the property since June 15, 1940 (the date of the deed to defendant). Thus, the interests to be conveyed shall be free and clear of the $10,000 mortgage placed on the premises by defendant in 1950. As a condition of such conveyance, however, each of the plaintiffs shall pay one fifth of the outstanding balances owing, as of October 31, 1941, on the mortgage held by the Bankers' Federal Savings & Loan Association and on the purchase-money mortgage which were then outstanding against the premises. These plaintiffs, who seek equity, must do equity, and the court is satisfied that such balances owing as of October 31, 1941, were paid by defendant, partly from his funds and the balance thereof from the proceeds of the $10,000 mortgage. True, certain of the plaintiffs, during their use and possession of portions of the premises, made some payments to defendant after October 31, 1941, but such payments should be applied toward their share of tax, interest and maintenance charges paid by defendant, a portion of which would be properly chargeable against them in view of their said use and possession. True, too, the defendant, with the mother, did have the principal use of the premises after October 31, 1941, and, following such date, he did receive certain rents and income therefrom and the benefit of a loan of $10,000 on security thereof, but, in the opinion of the court, he should not be required to account for the same. In the first place, the court is satisfied that the plaintiffs were agreeable right along that the defendant have such use and the income from the property, in return for the furnishing by defendant of a home for

the mother of the parties and his assuming the responsibility for the taxes, interest, and maintenance and improvement expense. In any event, and in view of all the circumstances, fairness and equity requires that the defendant retain the benefits of his possession and management of the premises where he is to be charged with the expense of all taxes, interest, upkeep and improvement of the same.

This memorandum shall constitute the decision of the court. The pleadings are amended to conform to the proofs insofar as is necessary to support the findings and conclusions here made.

Submit judgment on notice. If there is any dispute as to the amount of the balances owing on the purchase-money mortgage and on the Bankers' Federal mortgage as of October 31, 1941, the court will set a time for taking proofs in this connection.