SAMUEL WOURSELL, Plaintiff, *v.* EVELYN WOURSELL, Defendant.

Supreme Court, Special Term, Queens County, August 4, 1955.

*Jacob F. Raksin* and *Leonard H. Berger* for defendant.

*Irving Lemov* for plaintiff.

SAMUEL RABIN, J. Motion by the defendant to dismiss the complaint on the ground that the cause of action therein alleged did not accrue within the time limited by law for the commencement of an action thereon.

This action is brought by a husband for a judgment declaring that defendant wife holds real property as trustee for the plaintiff and directing that she convey it to him. According to the complaint the plaintiff, on or about November 26, 1943, purchased the one-family house therein described and paid the cash consideration therefor in the sum of $6,480, subject to an existing mortgage held by a savings bank in the sum of $4,620. That prior to the taking of title to said property on March 1, 1944, the parties agreed that title would be taken in the name of the defendant " to be held by her for the benefit and in trust for the plaintiff, to be reconveyed to plaintiff upon demand ". The plaintiff has demanded of the defendant that the property described be reconveyed to him which she has failed and refused to do.

It is the contention of the defendant that the ten-year Statute of Limitations embraced in section 53 of the Civil Practice Act is applicable to this action; that this action accrued when she took title to the property on March 1, 1944, and had to be commenced within ten years thereafter; that since it was commenced on June 23, 1955, or in excess of ten years after it accrued, it is barred.

While the plaintiff agrees that the Statute of Limitations embraced in section 53 is applicable, he disputes that this action accrued when title was taken to the property by the defendant and contends that it accrued when she refused to reconvey it to the plaintiff upon his demand.

I agree with the plaintiff's contention. The first renunciation and repudiation of the agreement relied upon by the plaintiff, as pleaded in his complaint, marked the accrual of his cause of action. It is that repudiation " which matured the cause of action here and set the Statute of Limitations running against it." (*Woolley* v. *Stewart*, 222 N. Y. 347, 354; *Whitaker* v. *Westberg,* 124 Misc. 556, affd. 215 App. Div. 785.) The recent decision by the Court of Appeals in *Scheuer* v. *Scheuer* (308 N. Y. 447) is not to the contrary. There the wife brought an action to impress a constructive trust upon a piece of real property upon her claim that she had contributed one half of the consideration for its purchase pursuant to an oral agreement with her husband *that title thereto was to be taken in both their names;* title, however, was taken by the defendant husband in his own name on October 4, 1938. In other words the defendant in that case by taking title in his own name *ipso facto* repudiated and renounced the oral agreement to place the title in both names and thereby matured the cause of action and set the Statute of Limitations running against it. In the case at bar there was no such renunciation immediately upon the taking of title because the oral agreement alleged in the complaint did not contemplate the taking of title in *both* names. It contemplated the taking of title in the defendant's name *solely,* in trust, however, for the benefit of the plaintiff " *to be reconveyed to plaintiff upon demand.*" (Emphasis supplied.) It was only when the defendant failed to reconvey the property to the plaintiff upon his demand that the wrong was committed and the present cause of action accrued.

For that reason the motion must be denied. Since, however, the date when the first demand for a reconveyance and the refusal thereof was made has not been alleged in the complaint the defendant will be permitted to plead the defense of the ten-

year Statute of Limitations in her answer to have it available if in the progress of the action or at the trial it develops that such demand and refusal were made more than ten years prior to the commencement of this action.

Submit order.