Michael J. Montesano, J.
The defendant Memminger moves, pursuant to rule 107 of the Rules of Civil Practice, to dismiss the complaint on the ground that the cause of action set forth therein did not accrue within 10 years, the time limited by law for the commencement of this action.
The defendant contends that section 53 of the Civil Practice Act, a 10-year Statute of Limitations, applies and began to run in 1941 at the time of the purchase of the property as alleged in paragraph 3 of plaintiff’s complaint. The plaintiff contends *539 that the statute did not begin to run until February, 1956 when the wrongdoing was first discovered by the plaintiff. I accept neither contention.
The defendant relies on Scheuer v. Scheuer (308 N. Y. 447) where, so he urges, the factual situation is similar to that in the instant case. In the Scheuer case the complaint alleged that the defendant violated an oral agreement entered into between the parties thereto (husband and wife) whereby the defendant husband agreed to take title to property purchased in part with plaintiff wife’s money, in both their names. The defendant took title solely in his name.
The plaintiff wife some 12 years after the purchase of the property commenced an action to impress the property with ,a constructive trust in her favor. In such circumstances the 10-year statute applied since “ Plaintiff’s cause of action accrued on October 4, 1938, the date when the acts occurred on which the claim of constructive trust is predicated, and, in the absence of an estoppel, it was necessarily barred in October, 1948, upon the expiration of ten years.” (Scheuer v. Scheuer, 308 N. Y. 447, 450, supra.)
The complaint before me contains no such or similar allegations. It does not allege the violation of an agreement in 1941, the time when the premises were purchased which resulted in a constructive trust; there was no such agreement. Fairly read, the complaint alleges an agreement on the part of the defendant to acquire title to the property in his sole name and thereafter and whenever requested by the plaintiff to convey the property to her. As part of the consideration for defendant’s promise to do so, the plaintiff undertook to “ support the .defendant and their child ”.
Not until the defendant repudiated the agreement did he hold the property or its proceeds as trustee of a constructive trust. The repudiation, as the complaint alleges, occurred in April, 1950, when he conveyed the premises to his daughter, the codefendant, Mary Wackenheim. Under such circumstances, the Scheuer case (supra) does not apply but rather the rule as stated in Foreman v. Foreman (251 N. Y. 237) and in Pagano v. Pagano (207 Misc. 474, and cases therein cited) finds application. “ Under the circumstances, the Statute of Limitations is not a defense. The ten-year statute prescribed by section 53 of the Civil Practice Act applies, and, under the circumstances, the cause of action did not accrue until 1950, when the defendant first repudiated his obligations and asserted an individual right to the premises. He, thereupon, became a constructive trustee accountable in equity. (See, though not directly in *540 point, Lammer v. Stoddard, 103 N. Y. 672, 673; Tesauro v. Tesauro, 112 N. Y. 8. 2d 246, 250, 251; Geller v. Schulman, 110 N. Y. S. 2d 862, 865; Devoe v. Lutz, 133 App. Div. 356, 359, and Woolley v. Stewart, 222 N. Y. 347. See, also, 3 Scott on Trusts, § 481.1.) ” (Pagano v. Pagano, 207 Misc. 474, 477-478, supra.)
The defendant Mary Wackenheim, who has not as yet interposed her answer, moves pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint on the ground it does not state facts sufficient to constitute a cause of action. There is no basis in the moving papers for any relief to that defendant on the ground stated.
Both motions denied, enter order accordingly.