M. Henry Martuscello, J.
In an action to impress a trust on real property made for the benefit of the plaintiff, defendant moves to dismiss the complaint on the ground that insufficient facts are stated to constitute a cause of action. The plaintiff is the wife of the defendant. The complaint alleges that plaintiff’s mother (not a party to this action) was the owner of a certain parcel of real property in which plaintiff and defendant resided with their family; that said property had an assessed value of $12,500; that her mother agreed to convey the said property to the defendant for the price of $5,000 on condition that the defendant would take title in the names of both plaintiff and defendant; that her mother, relying on defendant’s promise to take title in such manner and placing confidence and trust in said son-in-law, conveyed the property; that without her mother’s knowledge or consent the defendant caused the title to the property to be taken in defendant’s name alone; that her mother did not intend to convey the property to defendant alone and she would not have conveyed it if defendant had not agreed to take title in both plaintiff’s and defendant’s names; that upon learning that the property was taken in defendant’s name alone, the demand was made by plaintiff and her mother that the defendant convey *593 the property as he had agreed to do, but the defendant has refused to do so.
The plaintiff asserts the right of the court to establish a constructive trust in her behalf in order to redress a repudiation or abuse of a confidential relation. As a beneficiary of such trust she has the right to enforce in equity the performance thereof. (See Whiting v. Hudson Trust Co., 234 N. Y. 394; Lo Galbo v. Lo Galbo, 145 N. Y. S. 2d 641.)
Defendant asserts that since there are no allegations of fraud and damage in the complaint no constructive trust may be impressed on the property. It is well established, however, that fraud is not the only reason for a court to move to impress a trust. It is a device used by equity to compel one who unfairly holds a property interest to convey the same to another to whom it justly belongs. Equity has always taken an active interest in the fostering and protection of the intimacy and confidential nature of certain relations among people. In the dissenting opinion in Fraw Realty Co. v. Natanson (261 N. Y. 396, 412) Judge Lehman aptly sets forth the reasons for equity’s action. “ Ordinarily men do not trust their property to strangers without at least requiring some evidence that the stranger is holding for them. Where there is blind trust there is usually a prior existing relationship which explains the confidence; but wherever under cover of a relationship of confidence, however created, there has been enrichment of one party, a court of equity should interpose its powers to remedy the wrong. Myriad are the circumstances which may give rise to such relationship. The parties may be united by blood, family affection, close friendship or business relations. Reputation and standing in the community may provide the element of confidence which might otherwise not be found in previous personal relations. However the relationship may have arisen, where a party accepts property knowing that it is intrusted to him because of the confidence which another places in him, there is a relationship of confidence, abuse of which should not be tolerated by a court of equity. ’ ’
The transaction herein was between a mother-in-law and son-in-law. Although this family tie is unlike that of a parent and child in which acts of self-dealing may be considered inherently a violation of a fiduciary duty (Wood v. Rabe, 96 N. Y. 414), this relationship coupled with a promise, declaration or understanding could be considered, in my opinion, confidential for which equity would seek a remedy through the imposition of a constructive trust (see, e.g., Foreman v. Foreman, 251 N. Y. 237; Sinclair v. Purdy, 235 N. Y. 245; Pagano v. *594 Pagano, 207 Misc. 474, affd. 2 A D 2d 756, motion for leave to appeal denied 2 N Y 2d 708) without proof of damages (3 Bogert, Trust & Trustees, § 473; see, also, Piper v. Hoard, 107 N. Y. 73).
I am of the opinion that the facts set forth in the complaint are sufficient to constitute a cause of action and accordingly deny the motion.
Settle order on notice.