James S. Brown, J.
Motion by defendants pursuant to rule 107 of the Buies of Civil Practice, to dismiss the amended complaint upon the grounds that the cause of action did not accrue within the time limited by law for the commencement of an action thereof (subd. 5) and that the contract on which the cause of action is founded is unenforcible under the provisions of the Statute of Frauds (subd. 7).
*505 This is an action brought in equity to impress a constructive trust on real property allegedly purchased by plaintiff and his brother-in-law, defendant Michael Heller in 1941, to which title was taken in the name of defendant Ella Heller, Michael Heller’s wife, upon the understanding that she would hold a one-half interest in trust for her husband and the other one half in trust for plaintiff, to whom she would convey title upon demand. The amended complaint further alleges that beginning in 1950, plaintiff made demands for the conveyance of his one-half interest, to no avail, and that defendant Ella Heller by a deed dated June 10, 1954 and recorded on November 9, 1956, conveyed a one-half interest in said property to defendant Fannie Silberman who is plaintiff’s wife, and defendant Michael Heller’s sister.
Should it be determined that this action falls within the purview of Foreman v. Foreman (251 N. Y. 237), the Statute of Limitations would not be a defense since the 10-year statute prescribed by section 53 of the Civil Practice Act would apply and the cause of action would be held to have accrued in 1950, when plaintiff’s first request for reconveyance was denied. (Memminger v. Memminger, 2 Misc 2d 538.)
Similarly, the Statute of Frauds would not be a defense in the event it is determined that this action is governed by the rule laid down in Foreman v. Foreman (supra).
The motion is denied, with leave to defendants to answer within 20 days after service of a copy of the order to be entered hereon.
Submit order.