James D. Hopkins, J.
The defendant, the daughter of the plaintiff, moves to dismiss the complaint on the ground that each of the three causes of action stated in the complaint are barred by the Statute of Limitations and by the Statute of Frauds. The action was commenced on July 26, 1961.
The first two causes of action pleaded are substantially the same. The plaintiff alleges in each that he purchased certain real property with his own funds respectively on July 25, 1939, and on October 27,1944; that the parties agreed orally that title to the property would be taken in her name to hold for the benefit of the plaintiff, and subject to his direction to convey to himself or to a third party; that plaintiff went into possession of the premises and is still in possession, and has paid the taxes and other carrying charges; that plaintiff erected with his own funds buildings on the property; and the defendant has collected rents therefrom and has not attorned to the plaintiff, although duly *517 demanded. The plaintiff demands judgment directing the conveyance of the property to him by the defendant.
The third cause of action alleges that the plaintiff purchased a third parcel of real property on October 16,1943 under the circumstances and the agreement pleaded in the first two causes of action; that the defendant sold the property on July 17, 1958 for $42,500, but has refused to deliver the proceeds of the sale to the plaintiff, except for the sum of $6,000. The plaintiff demands judgment directing the defendant to account for the proceeds of sale.
It is clear that the complaint is based on a claim of a constructive trust arising out of a confidential relation and an agreement to hold real property for the benefit of one whose funds provided the means by which the property was purchased. Though the demand for judgment does not include the impression of a trust, the action is brought in equity which will mold its relief to suit the exigencies of the case (Sinclair v. Purdy, 235 N. Y. 245; Goldsmith v. Goldsmith, 145 N. Y. 313). The Statute of Frauds is not a bar to the enforcement of the trust (Foreman v. Foreman, 251 N. Y. 237).
The 10-year statute applies to this type of action (Civ. Prac. Act, § 53; Scheuer v. Scheuer, 308 N. Y. 447). The cause of action accrues when there has been a repudiation or breach of the trust (Woolley v. Stewart, 222 N. Y. 347, 354). Under the allegations of this complaint the repudiation or breach occurred when the defendant refused either to account for the rents received, or to convey at the direction of the plaintiff, or to deliver the proceeds of a sale (Silberman v. Heller, 17 Misc 2d 504; Memminger v. Memminger, 2 Misc 2d 538; Woursell v. Woursell, 208 Misc. 415; Pagano v. Pagano, 207 Misc. 474). The decision in Scheuer v. Scheuer (308 N. Y. 447, supra), holding that the cause of action as therein pleaded accrued at the time of talcing title, does not apply here, for the agreement there considered provided that title at the time of purchase of the real property was to be taken in both the names of the plaintiff and the defendant — a provision at once breached by the defendant, for title was taken in his name alone. In this case the agreement provided that the defendant should take title in her name for the benefit of the plaintiff. Hence, the accrual of the cause of action took place when the defendant thereafter refused to carry out, the terms of the trust.
The complaint is silent as to the dates of demands by the plaintiff upon the defendant for the execution of the trust, or the dates of refusal by the defendant in response to such demands, except in respect to the third cause of action, in which *518 the date of demand and refusal is said to be July 17, 1958. The commencement of the third cause of action is well within the 10-year period measured from this date.
The motion is accordingly denied. However, since the dates of demands and refusals are not alleged with respect to the first and second causes of action, the defendant may, if so advised, plead the defense of the Statute of Limitations so that it is available as the proof develops at the trial.