JOHN HODGDON & al. versus JOSEPH CHASE.

An agreement by the defendant, made since Rev. Stat. c. 146, was in force, " to waive any defence he might have had by virtue of the statute of lim-- itations, and take no advantage of the same," will not take the contract, to which it had reference, out of the operation of that statute, unless the same be in writing and signed " by the party chargeable thereby."

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Assumpsit on account annexed; writ dated March 6, 1846. The general issue and statute of limitations were pleaded.

Plaintiffs introduced their book of original entries with the supplementary oath; the docket of the Court in which the actions. were entered, judgments rendered, and executions issued. And also the deposition of Oliver Frost, Esq. Writ, pleadings, and deposition may be referred to.

The Judge instructed the jury, that from the evidence it was apparent that the plaintiff's claim was barred by the statute, and that they could not recover unless they were entitled so to do from the testimony of said Frost, which the jury would carefully consider; that in order to take the case out of the operation of the provisions of the statute, chap. 146, sec. 19, no acknowledgment of indebtedness or promise to pay the debt would be available to the plaintiffs unless such acknowledgment or promise be an express one and made or contained in some writing, signed by the defendant. But if the defendant had agreed with the plaintiffs, for a valuable consideration, to waive any defence he might have had by virtue of the statute of limitations, or to take no advantage of the same, such an agreement, although not in writing, would preclude the defendant from setting up such defence.

The jury returned their verdict for the plaintiffs. And the defendant filed exceptions.

J. Godfrey, for the defendant, gave a history of the decisions of the Courts, and said, that the statute of limitations at one time had been substantially repealed by judicial construction.

In England, the remedy was found in a statute providing that no promise should take the contract out of the operation of the statute unless it was in writing and signed by the party. That statute was enacted here in nearly the same words, and applies to this case. Rev. Stat. c. 146, § 19.

The object of the Legislature was to prevent a contract from being taken out of the operation of the statute by any verbal proof whatever, in whatever language it may be expressed. The ruling of the Court is, in substance, that a party may do indirectly what he cannot do expressly, and in direct terms.

But that is not the only difficulty. If a parol promise would accomplish the object of the plaintiffs, it should be made on a new and sufficient consideration. And here there was none whatever. He cited 5 Metc. 442; 23 Pick. 302; 23 Maine R. 453.

*Cutting*, for plaintiffs.

*Warren* v. *Walker*, 23 Maine R. 458, decides this case. Citing 5 Metc. 443 ; 23 Pick. 302.

" An agreement to waive the statute of limitations, it must be understood, is an agreement never to set up any such defence."

In *Foster* v. *Purdy*, 5 Metc. 443, the Court say : — " It is a well established rule of law, that a covenant not to sue an obligor, without any limitation of time, may be pleaded as a release, to avoid circuity of action.

" And the same rule applies for the same reason, to a promise or agreement, not under seal, not to sue a note of hand or other contract."

To avoid circuity of action, if this defence succeeds, plaintiffs have an action for damages.

The only distinction, between the case of *Warren* v. *Walker* 23 Maine R. 458, and the case at bar, is that in the former the promise to waive the statute was in writing and in the latter by parol.

Now at common law there is no distinction as to the validity of a simple contract, whether it be in writing or by parol.

Comyn on Contracts, vol. 1, p. 1, says : — "All contracts are by the laws of England distinguished into agreements by specialty and agreements by parol. If they be merely written and not under seal, they are denominated contracts by parol."

" Now a contract by parol is defined to be a bargain or agreement voluntarily made, either verbally or in writing not under seal upon a good consideration between two or more persons, capable of contracting to do or forbear to do some lawful act."

The stat. ch. 146, sect. 19, does not say that the contract to waive any defence of the statute of limitations, shall be in writing; but only an acknowledgment of indebtedness, or promise to pay.

The consideration, in cases cited, was forbear to sue. That constituted the consideration, and without such forbearance there would have been no consideration.

Here was a consideration; case does not find what it was; and it is not necessary that it should.

The question, whether agreement to waive was made before or after the statute attached, does not affect the question, otherwise than as to the consideration.

The opinion of the Court was delivered, at the same term, orally as follows, by

WELLS J. — This is an action of assumpsit on an account. It comes to this Court upon exceptions to the instructions given to the jury by the Judge of the District Court. The jury were instructed that " if the defendant had agreed with the plaintiffs, for a valuable consideration, to waive any defence he might have had, by virtue of the statute of limitations, or to take no advantage of the same, such an agreement, although *not in writing*, would preclude the defendants from setting up such defence."

Chap. 146, § 19, Rev. Stat. provides, that " no acknowledgment or promise shall be allowed, as evidence of a new or continuing contract, &c., unless such acknowledgment or promise

be an express one, *and made or contained in some writing, signed by the party chargeable thereby.*"

It is contended by the plaintiffs, that it having been decided in the case of *Warren et al.* v. *Walker,* 23 Maine R. 453, that an agreement in writing, to waive the statute of limitations, made for a sufficient consideration, before the statute could operate as a bar, would preclude the party making such agreement, from setting up such defence, that the same result would follow from making a parol agreement, under the same circumstances.

But in that case the agreement was in *writing ;* in this it is *by parol.*

The Legislature must have intended to change the existing law, and not to trust to the memory of witnesses, in testifying to a new promise or acknowledgment of indebtedness.

Whether an action could be maintained upon the promise, which, it is contended, has been proved in the present case, it is unnecessary to determine.

The agreement, set up, is not " contained in some writing." The form and mode of making it is immaterial, while it consists in words, not reduced to writing, signed by the party chargeable. The requirements of the statute are plain, and the language used clearly indicates the intention of the Legislature.

*The exceptions are sustained.*