EDWARD P. HURLEY, Respondent, *v.* ALFRED R. HURLEY et al., Appellants, et al., Defendants.

First Department, February 26, 1952.

*John L. Seymour* for appellants.

*Sidney S. Levine* of counsel (*Levine & Meckler,* attorneys), for respondent.

*Per Curiam.* The complaint purports to cast the defendants in the position of trustees of certain real property in which the decedent, father of the plaintiff and of one of the defendants-appellants and husband of the other defendant-appellant, is alleged to have had the beneficial interest and power of disposition during his life. The charge of the complaint is that the defendants have been in possession and have collected the emoluments and rents of the property since decedent's death and have failed, refused and neglected to account to plaintiff or to the estate.

Assuming that the allegations of the complaint are sufficient to allege a trust duty on the part of defendants in relation to plaintiff and a breach thereof, the action is upon its face barred by the ten-year Statute of Limitations. It is clear from the complaint that if any duty devolved upon defendants to act as trustees in relation to plaintiff, or to account to him or to the estate, it accrued on June 18, 1939, when the decedent died. Plaintiff by reason of his alleged position in the matter knew

at that time of whatever rights he or the estate might have, and any such rights should have been asserted within ten years from that date (*Lammer* v. *Stoddard,* 103 N. Y. 672; *Hifler v. Calmac Oil & Gas Corp.,* 258 App. Div. 78, 89). It is no excuse that an administrator was not appointed for several years because of plaintiff's belatedly petitioning for the appointment of an administrator.

If the allegation at the end of the complaint that " defendants have refused to account therefor after demand ", without stating when demand was made, is intended to suggest that the statute should begin to run only from the date of demand and that belated demand saves the case from the statute, the answer is that it is clear upon the facts as alleged in the present complaint that the plaintiff should have made a timely demand, if he felt one was in order, and that such demand should have been made about the time of decedent's death. Eleven years having elapsed before suit was instituted, it is barred by the Statute of Limitations.

The orders appealed from, insofar as they deny a dismissal of the complaint on the ground of the Statute of Limitations, should be reversed and the complaint dismissed, with costs to appellants.

PECK, P. J., GLENNON, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Orders, insofar as they deny a dismissal of the complaint on the ground of the Statute of Limitations, unanimously reversed and the complaint dismissed, with costs to the appellants. Settle order on notice.