EDWARD P. HURLEY, Appellant, *v.* ALFRED R. HURLEY et al., Respondents, et al., Defendants.

Argued May 28, 1953; reargued November 30, 1953; decided December 1, 1953.

648

*Sidney S. Levine* for appellant.
*John L. Seymour* for respondents,

Judgment affirmed, with costs; no opinion.

Concur: Lewis, Ch. J., Dye, Fuld and Adel,* JJ. Desmond, J., dissents in the following opinion in which Conway and Froessel, JJ., concur.

Desmond, J. (dissenting). Judgment dismissing the complaint has been granted here, solely on the ground that the action was not brought in time. The ten-year period of limitations (Civ. Prac. Act, § 53) applies, but when did that period start to run against plaintiff?

The transaction as alleged, between plaintiff's father and plaintiff's brother, defendant Alfred R. Hurley, amounted to, or brought about, a resulting trust or trust by implication, not a constructive one or a trust ex maleficio (*Foreman* v. *Foreman*, 251 N. Y. 237; *McCahill* v. *McCahill*, 11 Misc. 258; Bogert on Trusts and Trustees, Vol. 2A, §§ 454, 458). The time limitation against suit by the beneficiaries thereof (the father and, later, his distributees such as plaintiff) began to run at the time, only, of express repudiation of the trust by the trustee (Bogert on Trusts and Trustees, Vol. 4, part 2, § 952; 3 Scott on Trusts, § 409; see *Lammer* v. *Stoddard*, 103 N. Y. 672, 673; *Gilmore* v. *Ham*, 142 N. Y. 1, 10; *Yeoman* v. *Townshend*, 74 Hun 625, 627).

It seems clear, if the allegations of this complaint be taken as true, that, on the father's death, defendant Alfred R. Hurley had some sort of enforcible duty to convey the premises to the heirs of his grantor, within a reasonable time, or at least, to continue to hold the premises for their benefit. Just when he repudiated that obligation does not appear and so we cannot hold, on the face of this complaint, that the statute had run when this action was commenced.

The judgment should be reversed, and the motion denied, with costs, with leave to defendants to plead the Statute of Limitations (under Rules Civ. Prac., rules 107, 108) or laches, as a defense, to be applied or not as the facts may be developed on the trial.

---

* Designated pursuant to section 5 of article VI of the State Constitution in place of Van Voorhis, J., disqualified.