Helen Scheuer, Appellant, v. Clemens Scheuer, Respondent.

Argued January 11, 1955; decided April 28, 1955.

*Nathaniel H. Brower* for appellant. I. Plaintiff made out a clear case entitling her to the relief sought and her cause of action was not barred by the statute of limitations. (*White* v. *La Due & Fitch,* 303 N. Y. 122; *Wood* v. *Rabe,* 96 N. Y. 414; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285; *Gorowitz* v. *Blumenstein,* 184 Misc. 111.) II. If this court is disinclined to reverse and send

the case back for a new trial, then it should be remitted to Special Term for a statement of the essential facts to be found as required by section 440 of the Civil Practice Act.

*Gilbert J. Fortgang* for respondent. I. Plaintiff's cause of action, if any, is barred by the ten-year statute of limitations (Civ. Prac. Act, § 53). (*Lammer* v. *Stoddard,* 103 N. Y. 672; *Gambold* v. *MacLean,* 126 Misc. 820, 220 App. Div. 773, 255 N. Y. 202; *Van Suetendael* v. *Van Suetendael,* 293 N. Y. 233; *Dunning* v. *Dunning,* 300 N. Y. 341.) II. There is no estoppel or waiver of the statute of limitations as a defense in this action. (*White* v. *La Due & Fitch,* 303 N. Y. 122; *Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285; *Gorowitz* v. *Blumenstein,* 184 Misc. 111.) III. The decision of the trial court complied with the requirements of section 440 of the Civil Practice Act. (*Metropolitan Life Ins. Co.* v. *Union Trust Co.,* 268 App. Div. 474, 294 N. Y. 254; *Matter of Jaroco Silk Corp.* v. *Nova,* 265 App. Div. 1061; *Mason* v. *Lory Dress Co.,* 277 App. Div. 660; *Van Dyne* v. *Nelson,* 230 App. Div. 577; *Gilbert* v. *Rothschild,* 280 N. Y. 66.)

FULD, J. Helen and Clemens Scheuer, wed some 20 years ago, have been living apart since 1951. By this action, commenced in that same year, plaintiff wife seeks to impress a constructive trust in her favor on a house purchased by the husband in his own name, which, she claims, was paid for in part with her money.

According to plaintiff, she entered into an oral agreement with her husband in 1938, whereby she was to contribute $6,000 toward the purchase of a $12,500 home, title to the property to be acquired and taken in both their names. Plaintiff obtained the $6,000 from her mother, she and her sister testified, gave it to defendant and he made the purchase. He took title, however, solely in his own name in October of 1938.

Discussing this about a month later, plaintiff, remarking the agreement between them, asked defendant to have title to the property placed in her name as well as his. His answer was, " ' You must trust me. * * * Just as soon as things get a little better I am going to change it. It will be changed. Just be patient.' " Defendant assertedly made similar promises in 1946, 1947 and 1949. But, finally, in 1950, plaintiff asserted,

defendant flatly refused to effect a change in the title and admitted that he had never " really intended " to do so.

Defendant disputed most of plaintiff's assertions. He denied that plaintiff had contributed anything to the purchase price of the house, that there had been any such agreement as she claimed or that they had had any conversations about effecting a change in the title to the property. In addition, he pleaded, as defenses, the statute of frauds and the statute of limitations.

The court at Special Term, following a trial, dismissed the complaint on the basis of the ten-year statute of limitations (Civ. Prac. Act, § 53), concluding that the statute began to run on October 4, 1938, when the husband took title to the property in his name alone. The trial judge reviewed the conflicting evidence in a short opinion, but, apparently because of his decision as to the bar of the statute, made no findings on the disputed issues of fact. Upon appeal, plaintiff for the first time voiced the contention that defendant was estopped from invoking the statute of limitations. The Appellate Division affirmed without opinion; two justices, however, dissented and voted to remit the matter to the trial court, pursuant to section 440 of the Civil Practice Act, to make findings bearing on the issue of estoppel.

Since the trial court did not resolve the disputed questions of fact, we must determine whether the dismissal of the complaint may be sustained as a matter of law under that view of the evidence most favorable to plaintiff. (Cf. *Betzag* v. *Gulf Oil Corp.*, 298 N. Y. 358, 364; *Osipoff* v. *City of New York*, 286 N. Y. 422, 425.) Plaintiff's cause of action accrued on October 4, 1938, the date when the acts occurred on which the claim of constructive trust is predicated, and, in the absence of an estoppel, it was necessarily barred in October, 1948, upon the expiration of ten years. (See *Finnegan* v. *McGuffog*, 203 N. Y. 342; *Lammer* v. *Stoddard*, 103 N. Y. 672; see, also, *Hurley* v. *Hurley*, 279 App. Div. 415, affd. 306 N. Y. 647; *Hifler* v. *Calmac Oil & Gas Corp.*, 258 App. Div. 78, 89; 4 Bogert on Trusts and Trustees [1948], § 953.) The issue before us, therefore, is whether there is any basis in this record for spelling out an estoppel.

At common law, an acknowledgment or promise to perform a previously defaulted contract obligation was effectual, whether oral or in writing, at least in certain types of cases, to start the

statute of limitations running anew. (See *Shapley* v. *Abbott*, 42 N. Y. 443, 446–447; *Henry* v. *Root*, 33 N. Y. 526; see, also, 1 Williston on Contracts [Rev. ed., 1936], § 160 *et seq.*) Since 1848, however, that rule has been qualified by statute in this state to the extent of requiring the acknowledgment or new promise to be in a writing, signed by the party to be charged. (Code Pro., § 110; Code Civ. Pro., § 395; Civ. Prac. Act, § 59.)[1] There is some doubt whether the common-law rule, as modified by the legislature, encompasses a right of action to enforce a promise by way of constructive trust, such as that asserted in this case. (See 1 Williston, *op. cit.*, § 188; cf. *Oothout* v. *Thompson*, 20 Johns. 277, 279; but cf. Kocourek, A Comment on Moral Consideration and the Statute of Limitations, 18 Ill. L. Rev. 538, 546–547.) But, be that as it may, the statutory insistence on a writing would, in any event, be controlling, and, concededly, none of the promises allegedly made by defendant in this case were in writing.

The question whether the doctrine of estoppel may be invoked to give effect to parol representations or promises, in the face of the statute requiring a writing to establish " a new or continuing contract " (Civ. Prac. Act, § 59), has elicited a conflict of views and a contrariety of judicial opinion. (Compare *Andreae* v. *Redfield*, 98 U. S. 225, 239, with *Schroeder* v. *Young*, 161 U. S. 334, 344; compare *Burnett* v. *Turner*, 105 Ark. 290, with *Dunnington* v. *Taylor*, 198 Ark. 770; compare *Trail* v. *Firth*, 186 Cal. 68 with *Rapp* v. *Rapp*, 218 Cal. 505, 509–510; see, also, e.g., *Lewis* v. *Ford*, 67 Ala. 143, 146; *Bank of Jonesboro* v. *Carnes*, 187 Ga. 795; *McKay* v. *McCarthy*, 146 Iowa 546, 551–556; *Hodgdon* v. *Chase*, 29 Me. 47, 49–50; *Bridges* v. *Stephens*, 132 Mo. 524, 534–543; *Cecil* v. *Henderson*, 121 N. C. 244; *Armstrong* v. *Levan*, 109 Pa. 177.) There is no need at present to do more than note those decisions, since in this state the question was early answered in the negative in *Shapley* v. *Abbott* (*supra*, 42 N. Y. 443). Indeed, the decision in *Shapley* went further than

1. Section 59 of the Civil Practice Act recites that " An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the provisions of this article relating to the limitations of time within which an action must be brought other than for the recovery of real property."

we are required to go in this case, for it involved a specific parol promise by a debtor, after the debt became due, not to plead the statute of limitations. Holding that the obligor was not precluded from raising the defense of limitations in an action subsequently brought by the obligee, the court wrote (p. 451):

" The policy of the statute [then Code Pro., § 110; now Civ. Prac. Act, § 59], requiring that every promise or acknowledgment, to take a case out of the statute, shall be in writing, signed by the party to be charged, is to prevent fraud and perjuries. And it is the duty of courts so to administer the law as to uphold this policy. If a parol promise not to plead the statute is to be held operative, either as a waiver, or an agreement, or by way of estoppel, to subvert the statute, then all the mischief, as this case shows, will be let in which it was the policy of the law to shut out."

Nor is there any basis for estoppel in the asserted confidential relationship of the parties. The statute of limitations is not tolled merely because the parties are husband and wife. (See *Dunning* v. *Dunning,* 300 N. Y. 341, 343.) It is urged that we may here draw an analogy from the settled doctrine of equity that the statute of frauds may not be raised as a bar to the granting of relief, by way of constructive trust, against unjust enrichment accomplished by abusing a confidential relation. (Cf. *Wood* v. *Rabe,* 96 N. Y. 414; *Goldsmith* v. *Goldsmith,* 145 N. Y. 313; *Sinclair* v. *Purdy,* 235 N. Y. 245.) However, the suggested extension of that doctrine to a case involving the statute of limitations is without support, either in authority, in logic or in policy.

The statute of frauds, it is quite true, will not be allowed to serve as " an instrument of fraud " in depriving the wronged party of all remedy whatever in such cases, particularly where that statute comes in conflict with the traditional powers of equity in the field of constructive trust. (See *Wood* v. *Rabe,* *supra,* 96 N. Y. 414, 425; see, also, *Latham* v. *Father Divine,* 299 N. Y. 22, 27–29.) Such considerations as those, however, have no application to the issue here presented. There is no evidence that defendant was using the statute of limitations as " an instrument of fraud," and invocation of the defense of that statute furnishes no interference with the exercise of

equitable jurisdiction, it being well settled that even causes of action in equity are subject to time limitations. (See, e.g., *Sialkot Importing Corp.* v. *Berlin,* 295 N. Y. 482, 486–487; *Mills* v. *Mills,* 115 N. Y. 80, 86.) Plaintiff had 10 years within which to pursue her remedy against defendant, and there is no warrant or justification for creating any exception to the usual limitations applicable in such cases.

In view of our conclusion that the claim of estoppel is without support on this record, the trial court cannot be held to have violated the statutory requirement that the facts deemed " essential " be stated in its decision. (Civ. Prac. Act, § 440.) We recognize that, if there were some basis for that claim in the evidence and in law, findings of the facts bearing thereon would be "essential " to decision, and the trial court could not then dismiss the complaint without first resolving the disputed factual issues by express findings in accordance with the statute. (See *Dougherty* v. *Lion Fire Ins. Co.,* 183 N. Y. 302; *Cuyler* v. *Wallace,* 183 N. Y. 291; *Mason* v. *Lory Dress Co.,* 277 App. Div. 660.) In the case before us, however, no version of the evidence, no matter how favorable to plaintiff, could give rise to an estoppel. Whether the facts were as asserted by plaintiff or as testified to by defendant, cannot, therefore, be regarded as " essential " to decision, and it would be pointless and futile to remit the case for the making of findings that could not possibly have any effect upon the outcome of the litigation.

The judgment should be affirmed, without costs.

CONWAY, Ch. J., DESMOND, VAN VOORHIS and BURKE, JJ., concur; DYE and FROESSEL, JJ., concur in the result only.

Judgment affirmed.