Morris Eder, J.
This is a motion by the plaintiffs under rule 110 of the Rules of Civil Practice to dismiss the third counterclaim. Under subdivision 6 of the rule the plaintiffs move on the ground that the claim is barred by the Statute of Limitations (Civ. Prac. Act, § 53) as having accrued more than 10 years before the assertion of the counterclaim; and under subdivision 8, that the claim is unenforcible under the Statute of Frauds (Real Property Law, § 242), because the alleged promise is not supported by a proper writing.
The plaintiffs bring this action for a partition alleging that they are the record owners of a one-half interest in the real property by virtue of a deed from one Alter Leder, in May, 1941, and alleging that the defendants are entitled to various interests in the property by reason of a deed given by the plaintiffs in May, 1941, to one Samuel Garber, the brother of plaintiff George Garber, and the son-in-law of the plaintiffs’ grantor. The plaintiffs allege that the defendants acquired their interest in the property as the heirs of Samuel Garber who died in 1945. Only two of the defendants have answered: Ida Strauss who is the sister of the plaintiff, Annie Garber, and her husband, Meyer Strauss, named as executor of an unprobated will of Sarah Leder, the widow of the original grantor. The counterclaim now under attack is asserted for the first time in the amended answer served by leave of this court and is in reality asserted by the defendant Ida Strauss as an heir of the original grantor. She, in effect, alleges that the defendants, as heirs of Samuel Garber have an interest in. the one half deeded to him by the *857 plaintiffs, but in addition they have an interest in the entire property alleging that the original deed to plaintiffs was made under a promise by them to hold the property in trust for their grantor and, upon demand to reconvey to him. She accordingly asks that a trust be imposed upon the entire property.
All parties agree that the ten-year statute applies. The question raised by the motion is the date when the cause arose. The situation presented here is identical with that involved in the case of Hurley v. Hurley (279 App. Div. 415, affd. 306 N. Y. 647) which states the rule to be that, in this type of case (where a trust is sought to be impressed based upon .the claim of an oral agreement) the running of the statute commences with the death of the grantor where the parties making the claim or the persons through whom they assert the claim were in a position to know the facts upon which the claim is based.
In the present case the counterclaim is being interposed by one daughter of the original grantor to whom the plaintiffs’ promise is alleged to have been given. That she, or the beneficiaries of the promise, namely the heirs of the original grantor were certainly in a position to know the facts is clear from the fact that, almost simultaneously with the making of the alleged promise, the plaintiffs, in violation of their promise, conveyed a one-half interest in the property to the husband of this defendant’s sister. The counterclaim alleges that at the time of said conveyance the grantee had knowledge of the promise by plaintiffs to reconvey the entire property to the original grantor.
The present motion is made upon pleadings and affidavits and the defendants, although permitted to do so, have interposed no affidavit to contradict the obvious facts and those asserted by plaintiffs to demonstrate that the defendants were in a position to know of the existence of the original promise, or to support a claim of ignorance of such facts on the part of the heirs or representatives of the original grantor, as a class, of which the defendant is an individual member.
The defendants content themselves with reliance upon an affidavit of their attorney who asserts that as a matter of law the statute commenced to run from the date of plaintiffs’ repudiation of the promise, which in this case is claimed to be the commencement of the present partition action. This theory is untenable on the very face of the pleading which alleges a palpable repudiation by reason of the conveyance, in 1941, to Samuel Garber, which is obviously more than ten years before the counterclaim was interposed
*858 The theory of repudiation is urged in the dissenting opinion in Hurley v. Hurley (306 N. Y. 647, 649, supra) hut was obviously rejected by the majority of the court which affirmed the ruling of the Appellate Division in that case (306 N. Y. 647, affg. 279 App. Div. 415, supra).
That the original grantor died in October, 1943, is undisputed. Nothing is alleged as to the administration of his estate but this consideration is deemed immaterial by reason of the holding in Hurley v. Hurley (supra). The cause of action attempted to be asserted in this counterclaim accrued on that date and is accordingly barred by the statute and the motion to dismiss is granted. It therefore becomes unnecessary to consider the other grounds of the motion except to point out that the order granting leave to serve an amended answer did not bar the inclusion of the new counterclaim.
Settle order.