Jacob J. Schwartzwald, J.
Motion by plaintiff pursuant to rule 109 of the Rules of Civil Practice to strike from the amended answer the first and second separate defenses, which are based upon the Statute of Frauds, as insufficient in law.
The complaint, which sets forth two causes of action, sounds in equity and is predicated upon the theory of a constructive trust. The first cause of action alleges that plaintiff and the defendant’s husband were the sole surviving heirs and next of kin of plaintiff’s mother, who died intestate; that prior to the latter’s death, defendant, with the aid of her husband, fraudulently caused plaintiff’s mother to execute a deed purportedly conveying title to certain real property to defendant. The second cause of action alleges that in reliance upon and by reason of the confidential relationship between the parties concerned, plaintiff’s mother conveyed the real property in question to her daughter-in-law, the defendant herein, upon defendant’s representation that she would hold it in trust for the purpose of applying for and securing a loan to be used for curing certain violations affecting the subject premises; that the defendant’s representations pertaining thereto were false and were made with intent to defraud plaintiff’s mother and the plaintiff; that upon the death of plaintiff’s mother, the plaintiff sought a conveyance to him of his one-half interest in the property, but relying upon the confidential relationship between the parties and upon the representations of defendant and her husband he agreed to await a sale of the property out of which he was to receive an equal share of the proceeds; that upon the death of defendant’s husband, brother of the plaintiff herein, the defendant repudiated her. promise and claimed sole and absolute ownership of the property.
It is well settled that the Statute of Frauds cannot be used as a defense against fraud or the abuse of a confidential relationship in the acquisition and retention of real property. (Foreman v. Foreman, 251 N. Y. 237, 240, and cases therein cited; McGowan v. McGowan, 4 Misc 2d 165, affd. 277 App. Div, 897.) Since the instant complaint alleges facts sufficient to 'raise a *155 constructive trust, the Statute of Frauds is not available as a defense (Wenzel v. Wenzel, 284 App. Div. 874).
The case of Scheuer v. Scheuer (308 N. Y. 447), cited in the affidavit of defendant’s attorney submitted in opposition to the motion, gives no support to his contention ‘1 that the motion of the plaintiff is premature since the granting of said motion would penalize the defendant and foreclose her from asserting the valid defenses of Statute of Frauds if plaintiff endeavors to establish the doctrine of estoppel. ’ ’ The Scheuer case stands for the proposition that the settled doctrine of equity, to wit, that the Statute of Frauds may not be raised as a bar to the imposition of a constructive trust against unjust enrichment accomplished'by abusing a confidential relationship, cannot be extended to preclude the assertion of a defense based upon the Statute of Limitations. In the instant action, the fact that the Statute of Limitations is also pleaded as a defense, in addition to the defense of the Statute of Frauds, does not operate to validate the defense predicated upon the Statute of Frauds. (Cf. Wenzel v. Wenzel, supra.)
The motion is accordingly granted. Settle order on notice.