5. Samuel Di Falco, S.
The decedents were brothers. In each estate an application is made by a sister to compel the respective administratrices to file an accounting. Benjamin Badner died intestate March 14, 1935 survived by several brothers and sisters. Letters of administration were issued on February 4, 1937 to a sister, Lillian B. Petroff. John Badner died intestate on October 3, 1941. Letters of administration were issued to a brother, Jacob Badner on November 1, 1948. Jacob Badner died August 29, 1951, and letters of administra *319 tion on his assets were issued to his wife on October 26, 1951. The brothers had been associated together in a garage business. The business, or a successor enterprise, is now being conducted by the respondents. No accounting has ever been filed in either estate.
During the year 1954 agreements were made with other distributees as a result of which they were paid $15,000 each. A like sum was offered petitioner herein, but she refused to accept it, demanding an accounting. The respondents urge several defenses to the petitioner’s demand.
The court holds that the demand for an accounting is not barred by the Statute of Limitations. As this court has heretofore pointed out, the “ statute begins to run from the time that the administrator openly repudiated his obligation to administer the estate”. (Matter of Contresty, 27 Misc 2d 810, 814 and cases cited.) Neither Lillian Petroff nor Jacob Badner ever openly repudiated their obligations to administer the respective estates. The petitioner testified that she frequently asked her brothers and her sister for an accounting, but that ‘ ‘ they always said, ‘ There is no assets. How could I give you an accounting? But don’t worry,’ they said.” The petitioner testified that she did not know anything about estates and never used the word ‘1 estate ’ ’, but that she did know that there was a garage business and in asking for an accounting, she asked an accounting of the business. The petitioner was never advised that either administrator had taken the property in his own right or that either had repudiated his or her obligation to continue to act as fiduciary.
The answer of the respondent, Mrs. Petroff, explicitly alleges that on “ the 30th day of January, 1937 and on various dates thereafter respondent notified petitioner that as administratrix of the goods, chattels and credits of the Estate of Benjamin Badner, deceased she held no property for distribution to petitioner.” It is not claimed that there never were any assets in either estate. The statements made to the petitioner can be construed as having the same meaning as the allegation in the answer, namely, that there were no assets ready for distribution to the petitioner. The business was still in existence. That fact coupled with the advice not to “ worry ” about it, would indicate a continuance of the administration, or at least it would negative the final termination of the administration. The settlement with five distributees and the offer to petitioner do not, of course, mean that there was a net estate of $90,000 or more, but it does indicate that there must have been some assets subject to administration and accounting. It is not *320 necessary to go so far as to say that the representations of the administratrix and the administrator were fraudulent. It is not necessary to find that there are net distributable assets. On the basis of the respondents’ own witness, Irving Schneider, it clearly appears that there were assets which should be accounted for, that the fiduciaries never openly repudiated their fiduciary obligations, and that the Statute of Limitations does not bar the petitioner’s demand.
In respect of an accounting by the administratrix of the deceased administrator of the estate of John Badner, the fiduciary died August 29, 1951. The present proceeding was begun in September, 1959. The 10-year statute applies and the proceeding was instituted within the statutory period. (Matter of Jacobs, 257 App. Div. 28; Hurley v. Hurley, 279 App. Div. 415, affd. 306 N. Y. 647; Matter of Aquino, 186 Misc. 15, 18, affd. 271 App. Div. 780; Matter of Wilson, 198 Misc. 457, 458-459.)
The respondents also contend that the right to an accounting is barred by the laches of the petitioner. Laches has been defined as “ such neglect or omission to assert a right as, taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to an adverse party, operates as a bar in a court of equity.” (2 Pomeroy, Equity Jurisprudence [5th ed., Symons], § 419, pp. 171-172; Matter of Contresty, supra.) The lapse of time in this case has not caused any prejudice to the respondents. They could have accounted at any time. On the basis of the present record it would appear that they should have filed accountings. There is no merit to the argument that respondents have been prejudiced because those who could have rendered a proper account are now dead. Counsel for one of the respondents wrote the petitioner early in 1955 that the fiduciaries and their attorneys made all the books and records of the garage available to the lawyers for other distributees, and that the latter, after careful inquiry, were able to satisfy themselves in respect of their clients ’ interests. If there are records sufficient to satisfy adverse counsel of the extent of the estate, it cannot fairly be argued that the present fiduciaries do not have sufficient data to render an account.
The answers also claim a release in writing by the petitioner and acquiescence and approval by her of the acts and transactions of the fiduciaries. There was no proof offered in support of these defenses, and they are not mentioned on the argument. The only release offered in evidence is a release of the surety on the fiduciary’s bond. There was no release of either fiduciary.
*321 The respondents move to strike out certain paragraphs of the petitioner’s replies which relate to an agreement of compromise and settlement. The court has not considered the offer of settlement as an admission by the respondents. It has considered it only in connection with the testimony of the attorney for one of the respondents who discussed the agreement with the petitioner and who gave her certain figures on the basis of which other distributees had accepted the offer. As stated above, the advice given to the petitioner indicates at the very least that there were assets left by both decedents and that these assets should be accounted for.
The respective respondents are directed to file an account within 90 days.