■ IRENE MALMETH, as Administratrix of the Estate of BENJAMIN MAL-
METH, Deceased, Respondent, v MORRIS MALMETH et al., Appellants.—In an
action to impose a constructive trust upon real property and to compel a
conveyance of that property, defendants appeal from an order of the
Supreme Court, Nassau County, dated March 2, 1979, which denied their
motion to dismiss the complaint. Order reversed, on the law, with $50 costs
and disbursements, motion granted and complaint dismissed. This is an
action wherein plaintiff, as administratrix of the estate of her deceased
husband, seeks to impose a constructive trust upon a one-third interest in
certain real property, and further seeks to compel a conveyance of that one-
third interest to herself, as administratrix. The operative facts upon which
the claim of constructive trust is based occurred on October 19, 1971, the
date of the conveyance of the property to the defendants. The cause of
action, therefore, accrued on that date (see *Scheuer v Scheuer*, 308 NY 447;
*Goldrick v Goldrick*, 99 Misc 2d 749). A summons and a complaint in an
earlier action, brought by plaintiff erroneously in her own behalf, had been
served on February 28, 1976. A motion to dismiss that action had been
denied in an order dated July 11, 1978; however, the order provided "in the
alternative" that there be a "substitution of the proper plaintiff, i.e., the
legally appointed representative of the decedent Benjamin Malmeth." The
court further directed that "all proceedings in this matter are hereby stayed
for a period of ninety (90) days from the date of this order to allow the
substitution of the proper plaintiff herein." The so-called amended summons
and complaint, with plaintiff as administratrix of the estate of Benjamin
Malmeth, was not served until January 29, 1979. In view of the accrual of
this action on October 19, 1971, such service was untimely (see *Goldberg v
Camp Mikan-Recro*, 42 NY2d 1029), the action is time barred and the
motion to dismiss the complaint must be granted. In view of the foregoing
we do not address ourselves to the other ground urged by appellants, i.e.,
the Statute of Frauds. Mollen, P. J., Titone, O'Connor and Shapiro, JJ.,
concur.

Hopkins, J., dissents and votes to affirm the order, with the following
memorandum: Since the defendants moved to dismiss the amended com-
plaint, we must accept its allegations as true. The amended complaint
alleges that the decedent, the husband of the plaintiff, administratrix of his
estate, directed the defendants to purchase real property and furnished a
sum of money toward the purchase; that the defendants took title to the
property in their own name on October 19, 1971; and that thereafter
defendants refused to convey an interest in the real property to the
decedent upon his demands. The decedent died on August 2, 1975. This
action was commenced on February 28, 1976. These allegations denote a
claim of a constructive trust. As the purchase of the property by the
defendants, according to the claim, was made in accordance with the
instructions of the decedent, the cause of action, for the purpose of the
Statute of Limitations, accrued when the defendants repudiated the trust by
refusing to convey the interest in the property to the decedent. The
amended complaint does not state the dates of the decedent's demands or
the defendants' refusals; it is thus a matter for proof at the trial to establish
the dates of these events, which obviously must have occurred between the
time of the purchase and the time of decedent's death—that is, within the
period between October 19, 1971 and August 2, 1975. It is the rule that an
accrual of a cause of action for the enforcement of a constructive trust
begins when the trust is repudiated by the trustee (*Woolley v Stewart*, 222
NY 347, 354; *Savage v Savage*, 63 AD2d 808; *Pagano v Pagano*, 207 Misc

474, affd 2 AD2d 756). *Scheuer v Scheuer* (308 NY 447) is consistent with that rule, since there the defendant took title to the property in his name alone—a breach of his agreement to take title in the name of both the plaintiff and himself. Moreover, the defendant almost immediately revealed his perfidy to the plaintiff and soothed her objections by saying that she must trust him. The focus of *Scheuer* was accordingly directed to the question whether his assuagements served to estop him from raising the Statute of Limitations as a defense. Here, however, the amended complaint facially alleges a breach of trust occurring not when the defendants purchased the property faithful to the decedent's directions, but rather when the defendants refused to honor their commitment to convey the decedent's interest to him. The proof at the trial must determine the actual facts, and the motion to dismiss because of untimeliness should now be denied. I would therefore affirm.