■ ROBERT F. MANN, Appellant, v HILDA MANN, Respondent.—In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Westchester County, dated October 2, 1979, which denied his motion to dismiss defendant's supplemental counterclaim to impress a constructive trust on the grounds that same was not timely commenced and failed to state a cause of action. Order affirmed, with $50 costs and disbursements. It is well settled that the Statute of Limitations applicable to actions to impress constructive trusts is CPLR 213 (subd 1), which prescribes a six-year limitation. *(Scheuer v Schuer,* 308 NY 447; *Savage v Savage,* 63 AD2d 808.)* It is also well settled that the period of limitations commences to run upon occurrence of that wrongful act or event which gives rise to a duty of restitution. Plaintiff and defendant had previously been married and terminated that marriage by a Mexican divorce. They had executed a separation agreement on August 9, 1967 pursuant to which defendant conveyed to plaintiff, by deed, her right, title and interest in the jointly owned marital residence, and likewise agreed to transfer all of her interest in a "beauty shop". In consideration, plaintiff agreed to make certain payments. The agreement provided that the deeds were to be held in escrow until the payments had been made. Plaintiff in fact made the required payments. Thereafter, in the fall of 1967, plaintiff and defendant apparently reconciled their differences and resumed cohabitation; they were remarried on November 17, 1969. According to the allegations of defendant's supplemental counterclaim, which for the purposes of determining a motion to dismiss are deemed to be true, upon reconciliation in the fall of 1967, defendant returned to plaintiff the funds she had received pursuant to the separation agreement, and plaintiff assured her that she "was still joint owner in the marital premises", and that the deed "had never been recorded nor would it be." For the next 10 years defendant continued to work in the beauty shop business, "contributing to the support, maintenance and upkeep of the marital residence" in alleged reliance on plaintiff's assurances. She also continued to be obligated upon a bond and mortgage executed jointly by the parties in 1963 which had not been satisfied. On November 20, 1975 plaintiff recorded the deed. Defendant seeks to impress a constructive trust upon one half of the marital premises based upon plaintiff's alleged wrongful act of recording the deed in 1975. Plaintiff contends, however, that the wrong on his part, if any, occurred in the fall of 1967 when he failed to reconvey the subject premises to their joint ownership, and that defendant's counterclaim, interposed in 1979, was untimely. He argues too that the counterclaim fails to state a cause of action. We disagree and find no error in the determination by Special Term that a valid counterclaim was timely asserted, on the ground that the claim was asserted within six years of plaintiff's wrongful act in recording the deed. We find that defendant's pleading sufficiently states, in cognizable form, a cause of action. (See

*Dulberg v Mock,* 1 NY2d 54, 56; see, also, *Bey Constr. Co. v Yablonski,* 76 AD2d 875; *Zeman v Zeman,* 76 AD2d 1044.) Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.