█ STANLEY KITCHNER, Respondent, v ADELE KITCHNER, Appellant. — In a matrimonial action, the defendant wife appeals from so much of a judgment of the Supreme Court, Nassau County (Oppido, J.), entered April 11, 1983, as dismissed her counterclaim seeking the imposition of a constructive trust on two pieces of real property situated in Philadelphia, Pennsylvania. The plaintiff husband purports to cross-appeal, as limited by his brief, from stated portions of the same judgment. ¶ Judgment affirmed, insofar as appealed from by defendant, without costs or disbursements. ¶ The core issue on this appeal is whether the defendant wife is entitled to have a constructive trust imposed on two pieces of property located in Philadelphia, Pennsylvania, as demanded in her counterclaim. The plaintiff husband has title to both in his name alone. ¶ The first parcel, referred to as the "Walnut Street" property, was not transferred in reliance upon any promise made by the plaintiff to the defendant and there is no unjust enrichment. Consequently, defendant failed to establish the necessary elements of a constructive trust (see, e.g., *Scivoletti v Marsala,* 97 AD2d 401; cf. *Reiner v Reiner,* 100 AD2d 872). ¶ With respect to the other parcel, located on Oregon Street, Special Term found that the facts would have warranted the imposition of a constructive trust but that the claim was barred by the Statute of Limitations. We agree. ¶ It is well settled that the Statute of Limitations applicable in actions to impress constructive trusts can be found in CPLR 213 (subd 1), which prescribes a six-year period that commences to run upon occurrence of the wrongful act giving rise to a duty of restitution (*Scheuer v Scheuer,* 308 NY 447; *Mann v Mann,* 77 AD2d 866; *Dolmetta v Uintah Nat. Corp.,* 712 F2d 15, 18) and "not from the time when the facts constituting the fraud were discovered" (*Motyl v Motyl,* 35 AD2d 1051, 1052; see, also, *Muller v Muller,* 116 Misc 2d 660, 664). Since it is clear that the alleged wrongful act complained of took place in 1967, when plaintiff took title in his own name rather than in both names, the cause of action for a constructive trust, commenced in 1980, is time barred. ¶ We would note that Special Term properly exercised its discretion to permit plaintiff to amend his reply and assert the Statute of Limitations as an affirmative defense. Leave to amend may be sought "at any time" and "shall be freely given" absent

prejudice or surprise resulting directly from the delay (CPLR 3025, subd [b]; see *Fahey v County of Ontario,* 44 NY2d 934; 3 Weinstein-Korn-Miller, NY Civ Prac, pars 3025.14, 3025.16). ¶ Defendant has not suffered prejudice as a matter of law as "the fact that the matter inserted by amendment will defeat the opposing party's cause of action * * * is no basis for denying leave to amend" (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.14) and plaintiff served a notice of intention to amend the reply over a month in advance of trial (see *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Fahey v County of Ontario, supra; Haven Assoc. v Donro Realty Corp.,* 96 AD2d 526). ¶ We have not reached the merits of the plaintiff's cross appeal. By order of this court dated January 27, 1984, the cross appeal was dismissed unless plaintiff complied with certain specified conditions. Inasmuch as the plaintiff failed to comply with those conditions the cross appeal was automatically dismissed. Mollen, P. J., Titone, Lazer and Mangano, JJ., concur.