■ Miroslaw Dybowski et al., Appellants, v Malgorzata Dybowska, Respondent.—In an action to, *inter alia,* impress a constructive trust upon a parcel of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), dated April 13, 1988, as granted that branch of the defendant's motion which was to dismiss the complaint as time barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs allege that the defendant, their daughter-in-law, had encouraged them to retain her employer, an attorney, in connection with the purchase of the subject premises and that the defendant together with the attorney made fraudulent misrepresentations which induced the plaintiffs to take title to the premises in their own names and those of their son and the defendant. The property was purchased on January 23, 1983. Thereafter, in August 1983 the defendant separated from the plaintiffs' son and, upon the plaintiffs' demand, refused to reconvey her interest in the property to the plaintiffs.

In our view, the Supreme Court correctly dismissed the complaint on the ground that the causes of action sounding in fraud and for imposition of a constructive trust were barred by the Statute of Limitations. The equitable claim for the imposition of a constructive trust is governed by the six-year Statute of Limitations of CPLR 213 (1) *(see, Loengard v Santa Fe Indus.,* 70 NY2d 262, 267; *Scheuer v Scheuer,* 308 NY 447), which commences to run at the time of the wrongful conduct or event giving rise to a duty of restitution *(see, Scheuer v Scheuer,* 308 NY 447, *supra; Kitchner v Kitchner,* 100 AD2d 954; *Bey Constr. Co. v Yablonski,* 76 AD2d 875, 876). Review of the allegations of the complaint demonstrate that the operative event for purposes of the period of limitations was the allegedly fraudulent conduct which induced the taking of title to the property in the name of the defendant as well as in the plaintiffs' names and that of their son. Thus, the Statute of Limitations began to run on January 23, 1981, when the property was purchased and the cause of action interposed on or about November 23, 1987, was untimely *(see, Scheuer v Scheuer,* 308 NY 447, *supra; Kitchner v Kitchner,* 100 AD2d 954, *supra; Dingeo v Santiago,* 87 AD2d 859; *Mann v Mann,* 77 AD2d 866). The defendant's later refusal to convey her alleged paper interest in the property did not serve to extend or otherwise toll the period of limitations since the defendant's interest in the property was held adversely to the plaintiffs' interest from the date of acquisition of the property *(cf., Augustine v Szwed,* 77 AD2d 298, 300-301; *Bey Constr. Co. v Yablonski, supra,* at 876).

Regarding the plaintiffs' claim to recover damages for fraud, the period of limitations for constructive fraud accrues at the time the alleged fraud was committed and not when it was discovered and is subject to the six-year Statute of Limitations governing equitable actions (CPLR 213 [1]; *Quadrozzi Concrete Corp. v Mastroianni,* 56 AD2d 353, 355-356). If the cause of action is predicated upon actual fraud, the Statute of Limitations is six years from the commission of the fraud or two years from when the plaintiff discovered or should have discovered the fraud, whichever is later (CPLR 213 [8]; 203 [f]; *Bernstein v La Rue,* 120 AD2d 476, 478; *Quadrozzi Concrete Corp. v Mastroianni, supra,* at 355-356). Since the plaintiffs allege they discovered the fraud in 1983, the date of discovery of the fraud would not aid them in extending the period of limitations. The fraud cause of action accrued more than six years prior to the commencement of the action on or about November 23, 1987, and, therefore, was properly dismissed as

time barred. Mangano, J. P., Thompson, Kunzeman and Eiber, JJ., concur.